**[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 7.]**

THE STATE OF OHIO, APPELLEE, *v*. BISTARKEY, APPELLANT.

**[Cite as *State v. Bistarkey*, 1996-Ohio-185.]**

*Criminal law—Eligibility for probation under R.C. 2951.02 is a prerequisite for shock probation under R.C. 2947.061—R.C. 2947.061, construed.*

(No. 94-2114—Submitted December 6, 1995—Decided March 1, 1996.)

R.C. 2947.061's language that its operation is "[s]ubject to sections 2951.02 to 2951.09 of the Revised Code" plainly means that eligibility for probation under R.C. 2951.02 is a prerequisite to eligibility for shock probation under R.C. 2947.061.

APPEAL from the Court of Appeals for Mahoning County, No. 92 C.A. 150.

_____

{¶ 1} On May 14, 1990, defendant-appellant Jeff P. Bistarkey was indicted on a charge of felonious assault for the April 6, 1990 shooting of Neil Oulette. The indictment originally contained a firearm specification pursuant to R.C. 2941.141.

{¶ 2} On September 28, 1990, Bistarkey pled guilty to the charge of felonious assault. Bistarkey indicated by signing the written guilty plea form that he understood he was not eligible for parole for his offense. In exchange for the written guilty plea, the firearm specification contained in the plea was dismissed.

{¶ 3} On June 14, 1991, Bistarkey was sentenced by the trial court to serve an indefinite term of not less than four years nor more than fifteen years. On August 4, 1992, Bistarkey filed a motion for shock probation pursuant to R.C. 2947.061(B). The state opposed the motion.

{¶ 4} On September 23, 1992, the trial court heard arguments on the motion. On September 30, 1992, the trial court issued its judgment entry finding Bistarkey eligible for shock probation. In its opinion, the trial court reasoned that the General Assembly had differentiated between probation and shock probation, and that R.C.

2951.02(F)(3), which precludes probation for persons who committed a crime while armed, does not similarly preclude *shock* probation. An October 2, 1992 entry set forth the terms of the probation.

{¶ 5} The state appealed the trial court's decision. On August 19, 1994, the appellate court reversed the trial court's granting of shock probation.

{¶ 6} This matter is now before this court upon an allowance of a discretionary appeal.

_____

*James A. Philomena*, Mahoning County Prosecuting Attorney, and *Michele G. Cerni*, Assistant Prosecuting Attorney, for appellee.

*John J. Dixon* and *Stuart J. Banks*, for appellant.

_____

**PFEIFER, J.**

{¶ 7} We find that R.C. 2947.061's language that its operation is "[s]ubject to sections 2951.02 to 2951.09 of the Revised Code" plainly means that eligibility for probation under R.C. 2951.02 is a prerequisite to eligibility for shock probation under R.C. 2947.061. We therefore affirm the appellate court.

{¶ 8} R.C. 2947.061(B), which allows a defendant to move for shock probation after serving six months of a sentence, read, at the time pertinent herein, in relevant part:

"*Subject to sections 2951.02 to 2951.09 of the Revised Code * * **, the trial court may, upon the motion of the defendant, suspend the further execution of the defendant's sentence and place the defendant on probation upon such terms as the court determines, if the defendant was sentenced for an aggravated felony of the first, second, or third degree, is not serving a term of actual incarceration, is confined in a state penal or reformatory institution, and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction." (Emphasis added.)

2

{¶ 9} In *State ex rel. Corrigan v. Cuyahoga Cty. Court of Common Pleas* (1976), 45 Ohio St.2d 187, 74 O.O.2d 300, 343 N.E.2d 94, this court held that R.C. 2951.02 did not apply to shock probation, because at that time R.C. 2947.061 read that shock probation was to be "subject to [R.C.] Sections 2951.03 to 2951.09, inclusive." This court reasoned from that language that the General Assembly did not intend shock probation to be subject to R.C. 2951.02. However, the General Assembly since that time has amended R.C. 2947.061 to be subject to R.C. 2951.02, clearly demonstrating its intent that the statute governing probation eligibility should also govern shock probation eligibility.

{¶ 10} R.C. 2951.02(F) denies probation eligibility to persons committing crimes while armed with a firearm. The statute read, at the time pertinent herein, in relevant part:

"An offender shall not be placed on probation or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

"* * *

"(3) The offense involved was not a violation of section 2923.12 [carrying a concealed weapon] of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance * * * ."

{¶ 11} There is no dispute that Bistarkey committed his crime with a firearm. The plain language of R.C. 2947.061 makes him subject to R.C. 2951.02(F)(3). He is thus ineligible for probation, and we therefore affirm the decision of the appellate court.

*Judgment affirmed.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

DOUGLAS, J., dissents.

————————————