OPINION
{¶ 1} Plaintiff-appellant, State of Ohio (the "state"), appeals from a judgment of the Franklin County Court of Common Pleas that granted defendant-appellee Todd A. Blank's application for expungement. Because the sentencing court improperly granted appellee's application, we reverse and remand with instructions.
 {¶ 2} In case No. 86CR-01-45, appellee was indicted for (1) aggravated trafficking, a violation of former R.C. 2925.03, and (2) drug abuse, a violation of former R.C. 2925.11. In 1986, appellee pled guilty to the amended stipulated lesser-included offense of count one of the indictment: aggravated trafficking, possession of cocaine, exceeding bulk but less than three times bulk, in violation of former R.C. 2925.03(A)(4), a felony of the third degree.[1] The trial court sentenced appellee to one and one-half years of imprisonment.
 {¶ 3} On May 22, 2003, pursuant to former R.C. 2953.32,[2] appellee filed an application to seal the record of his conviction in case No. 86CR-01-45. Approximately seven months later, the state objected to appellee's application, claiming that R.C. 2953.36(A) precluded expungement of appellee's conviction.
 {¶ 4} The trial court conducted a hearing to consider appellee's application. At this hearing, the state failed to renew its objection to appellee's application.
 {¶ 5} On March 1, 2004, the sentencing court granted appellee's application to seal the record. From the sentencing court's judgment, the state appeals. In its appeal, the state assigns a single error for our consideration:
The trial court was without jurisdiction when it granted defendant's application for expungement as defendant was ineligible for expungement under R.C. 2953.36(A).
 {¶ 6} From a judgment granting a motion to seal records, the state has an absolute right to appeal. State v. Netter (1989), 64 Ohio App.3d 322,323, citing State v. Bissantz (1987), 30 Ohio St.3d 120; State v.Glending (Oct. 8, 1998), Cuyahoga App. No. 74066, citing Netter, supra.
 {¶ 7} "The expungement procedure in Ohio is a statutory post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having the record of their first conviction sealed, should the court in its discretion so decide." Statev. Bates, Ashland App. No. 03-COA-057, 2004-Ohio-2260, at ¶ 16; see, also, State v. LaSalle, 96 Ohio St.3d 178, 2002-Ohio-4009, at ¶ 19, citing Bissantz, supra, at 121 (stating that "[s]ealing of a record of conviction pursuant to R.C. 2953.32 is a postconviction remedy that is civil in nature"). Cf. Pepper Pike v. Doe (1981), 66 Ohio St.2d 374, paragraph two of the syllabus (holding that trial courts have authority to order expungement in unusual and exceptional circumstances and, when exercising this jurisdiction, a court should weigh the defendant's privacy interest against the government's need to maintain records of the criminal proceedings). But, see, Dayton v. Scheibenberger (1996),115 Ohio App.3d 529, 535 (questioning Pepper Pike).
 {¶ 8} "Neither the United States Constitution nor the Ohio Constitution endows one convicted of a crime with a substantive right to have the record of a conviction expunged." State v. Hamilton (1996),75 Ohio St.3d 636, 639, citing Bird v. Summit Cty. (C.A.6, 1984),730 F.2d 442, 444. Rather, "expungement is an act of grace created the state." Hamilton, at 639.
 {¶ 9} "[T]he government possesses a substantial interest in ensuring that expungement is granted only to those who are eligible. Expungement is accomplished by eliminating the general public's access to conviction information. Accordingly, expungement should be granted only when an applicant meets all the requirements for eligibility set forth in R.C. 2953.32." Id. at 640. See, also, State ex rel. Gains v. Rossi (1999),86 Ohio St.3d 620, 622 (stating that "the remedial expungement provisions of R.C. 2953.32 and 2953.33 must be liberally construed to promote their purposes").
 {¶ 10} Because expungement should be granted only when an applicant meets all the requirements for eligibility under R.C. 2953.32, Hamilton,
at 640, we therefore must determine whether appellee in this case met eligibility requirements under former R.C. 2953.32 and whether the sentencing court abused its discretion by granting appellee's application. See, e.g., State v. McGinnis (1993), 90 Ohio App.3d 479,481 (observing that a trial court has a significant amount of discretion in determining whether an applicant has been satisfactorily rehabilitated and whether expungement is consistent with the public interest).
 {¶ 11} In the instant case, because appellee was convicted of a crime and not just acquitted or had his case dismissed, appellee cannot qualify for judicial expungement. State v. Davidson, Franklin App. No. 02AP-665, 2003-Ohio-1448, at ¶ 15; see, also, State v. Bailey, Franklin App. No. 02AP-406, 2002-Ohio-6740, at ¶ 8.
 {¶ 12} "The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling."LaSalle, supra, at paragraph two of the syllabus. Pursuant to the version of R.C. 2953.32(A)(1) that was in effect at the time of appellee's application, under certain circumstances a "first offender" might apply to the sentencing court for the sealing of a conviction record. According to former R.C. 2953.32(A)(1), "[a]pplication may be made at the expiration of three years after the offender's final discharge if convicted of a felony * * *." Former R.C. 2953.31(A),[3] in part, provided that a "first offender" is "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously and subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction."
 {¶ 13} Here, appellee filed his application to seal the record in 2003 in the sentencing court, thereby complying with former R.C. 2953.32(A)(1), which required that an application might be made three years after an offender's final discharge if the offender was convicted of a felony. The record indicates appellee's only conviction was in 1986 in case No. 86CR-01-45. Therefore, we conclude appellee properly could be considered a first offender pursuant to former R.C. 2953.31(A).
 {¶ 14} Because appellee is a first offender, his application was not untimely, and his application was made to the court that sentenced him, we therefore find that pursuant to former R.C. 2953.32(A)(1) the court in this case properly had jurisdiction to consider appellee's application to seal the record. Cf. State v. McCoy, Franklin App. No. 04AP-121,2004-Ohio-6726, at ¶ 11 (stating that "[i]f the applicant is not a first offender, the trial court lacks jurisdiction to grant an expungement"); see, also, Huffman v. Huffman, Franklin App. No. 02AP-101, 2002-Ohio-6031, at ¶ 39, citing State v. Swiger (1998), 125 Ohio App.3d 456, 462
(stating that "[s]ubject matter jurisdiction focuses on whether the court is the proper forum to hear the class of cases within which a particular case falls, such as common pleas court, municipal court, or juvenile court.").
 {¶ 15} Accordingly, the state's contention that the common pleas court lacked jurisdiction is not well-taken.
 {¶ 16} The state also argues, however, that appellee was ineligible for expungement under former R.C. 2953.36(A),[4] which provided that "[s]ections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following: [A] [c]onvictions when the offender is subject to a mandatory prison term[.]"
 {¶ 17} According to the state, appellee's 1986 conviction for a violation of former R.C. 2925.03(A)(4) required a mandatory prison sentence; therefore, the state argues the sentencing court violated former R.C. 2953.36(A) when it granted appellee's application.
 {¶ 18} The sentencing court's judgment of September 1986 indicates appellee pled guilty to the amended stipulated lesser-included offense of count one of the indictment, a violation of former R.C. 2925.03(A)(4). Absent from the record is a copy of the indictment and absent from the court's 1986 judgment is any reference to when appellee committed the acts alleged in the indictment. A complicating factor is the 1986 amendment of former R.C. 2925.03 by Am.S.B. No. 67, 141 Ohio Laws, Part I, 164, effective August 29, 1986.
 {¶ 19} Although we cannot determine from the record when appellee committed the crime for which he was convicted, we observe that the 1986 amendment to former R.C. 2925.03 did not alter either division (A)(4) or (C)(4) of former R.C. 2925.03, which became effective in 1975.
 {¶ 20} Former R.C. 2925.03(C)(4) provided:
Where the offender has violated division (A)(4) of this section, aggravated trafficking is a felony of the third degree and the courtshall impose a sentence of actual incarceration of eighteen months and if the offender has previously been convicted of a felony drug abuse offense, aggravated trafficking is a felony of the second degree and the court shall impose a sentence of actual incarceration of three years.
(Emphasis added.)
 {¶ 21} Because, as a result of his 1986 conviction, appellee was subject to a mandatory prison term under the plain language of former R.C. 2925.03(C)(4) and because the version of R.C. 2953.36 that was in effect at the time of appellee's application precluded expungement for a conviction that was subject to a mandatory prison term, we conclude that the sentencing court erred, as a matter of law, when it granted appellee's application to seal the record. See State v. Diersing (Oct. 29, 1999), Hamilton App. No. C-990288 (finding defendant's conviction for a violation of former R.C. 2925.03[A][4] precluded expungement).
 {¶ 22} Generally, "an appellate court will defer to a trial court's factual findings, but must independently determine, as a matter of law, whether the trial court erred in applying the substantive law to the facts of the case." State v. Fleming (Apr. 25, 1997), Portage App. No. 96-P-0210; State v. Musick (Apr. 25, 1997), Portage App. No. 96-P-0207. "In determining a pure question of law, an appellate court may properly substitute its judgment for that of the trial court, since an important function of appellate courts is to resolve disputed propositions of law."Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership (1992),78 Ohio App.3d 340, 346.
 {¶ 23} Having concluded that the trial court's judgment was erroneous as a matter of law, we must therefore conclude that the sentencing court abused its discretion in granting appellee's application to seal the record. See State v. Caulley (Mar. 14, 2002), Franklin App. No. 97AP-1590, appeal not allowed, 96 Ohio St.3d 1467, 2002-Ohio-3910, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219 (observing that "[a]n abuse of discretion connotes more than a mere error of judgment; it implies a decision is without a reasonable basis, and one that is clearly wrong").
 {¶ 24} Finally, although the state failed to renew its objection at appellee's expungement hearing, we find the issue presented for our consideration in this appeal is properly before this court. In Hamilton,
supra, the Supreme Court of Ohio stated:
* * * Under R.C. 2953.32(B), the prosecutor is permitted to file an objection to the application with the court. If an objection is filed, and specifies reasons allegedly justifying denial of the application, the court is required to consider the prosecutor's objections regardless of whether the prosecutor appears at the hearing. * * *
Id. at 640. Here, the state filed an objection wherein it argued R.C.2953.36(A) precluded appellee's application. Because the state filed an objection specifying a reason for denial of appellee's application, construing Hamilton, supra, we conclude the matter is properly before us, even though the state failed to renew its objection at the expungement hearing.
 {¶ 25} Accordingly, appellant's assignment of error is sustained.
 {¶ 26} For the foregoing reasons, having sustained appellant's sole assignment of error and having found the trial court erred as a matter of law, we therefore reverse the judgment of the Franklin County Court of Common Pleas. Furthermore, we remand the matter to that court with instructions to vacate its decision.
Judgment reversed and cause remanded with instructions.
French and Deshler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Since appellee's conviction in 1986, R.C. 2925.03 has been amended multiple times.
[2] Since appellee filed his application for sealing of the record, R.C. 2953.32 has been amended. See Am.Sub.H.B. No. 490, 149 Ohio Laws, Part V, 9484; 2004 Am.Sub.H.B. No. 12, effective April 8, 2004.
[3] Since appellee filed his application for sealing of the record, R.C. 2953.31 has been amended. See Am.Sub.S.B. No 123, 149 Ohio Laws, Part II, 2467; Am.Sub.H.B. No. 490, 149 Ohio Laws, Part V, 9484.
[4] Since appellee filed his application to seal the record, R.C. 2953.36
has been amended. See Am.Sub.S.B. No. 123, 149 Ohio Laws, Part II, 2467.