OPINION
{¶ 1} State of Ohio ("state"), plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court granted the application for sealing of record of conviction filed by Douglas D. Pierce, defendant-appellee.
 {¶ 2} In 1979, appellee was indicted on four counts of aggravated trafficking, in violation of former R.C. 2925.03. On June 18, 1979, appellee entered a guilty plea to the stipulated lesser-included offense of Count 1, aggravated trafficking, in an amount equal to or exceeding the bulk amount but less than three times the bulk amount, in violation of *Page 2 
former R.C. 2925.03(A)(5), which was a second-degree felony at the time of the offense and subject to a mandatory term of three years of actual incarceration. Consequently, appellee was sentenced to serve three years of incarceration.
 {¶ 3} On February 10, 2006, appellee filed an application for sealing of record of conviction. The state objected to the application, asserting that appellee was disqualified from the sealing of his record under R.C. 2953.36(A) because he received a mandatory prison term for the trafficking conviction. Appellee countered that he qualified for the sealing of his record because his offense would not be subject to a mandatory prison term if it had been committed on the date of his application for sealing of record. After a hearing, the trial court granted appellee's application. The state appeals the judgment of the trial court, asserting the following assignment of error:
 THE TRIAL COURT ERRED BY GRANTING DEFENDANT'S APPLICATION TO SEAL THE RECORD OF HIS CONVICTION BECAUSE DEFENDANT WAS INELIGIBLE UNDER R.C. 2953.36(A).
 {¶ 4} The state argues in its assignment of error that the trial court erred when it granted appellee's application for sealing of record. Expungement is an act of grace created by the state. State v.Hamilton (1996), 75 Ohio St.3d 636, 639. The expungement provisions are remedial in nature and must be liberally construed to promote their purposes. State ex rel. Gains v. Rossi (1999), 86 Ohio St.3d 620, 622. However, expungement should be granted only when all requirements for eligibility are met. State v. Simon (2000), 87 Ohio St.3d 531, 533, citing Hamilton. The procedures for sealing of a record of conviction are set forth in specific statutory provisions, R.C. 2953.31 through2953.36, and "the conviction records of some offenders cannot be sealed." Simon, at *Page 3 
533, citing R.C. 2953.36. It is also well-established that, if an applicant's conviction is not eligible for expungement, the trial court lacks jurisdiction to grant the requested relief. State v. Jithoo, Franklin App. No. 05AP-436, 2006-Ohio-4978, at ¶ 15.
 {¶ 5} Generally, this court reviews a trial court's disposition of an application for sealing of record for an abuse of discretion. State v.Hilbert (2001), 145 Ohio App.3d 824, 827. An abuse of discretion is more than an error of law or judgment; it implies that the attitude of the trial court was "unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, where questions of law are in dispute, an appellate court reviews the trial court's determination de novo. State v. Derugen (1996),110 Ohio App.3d 408, 410.
 {¶ 6} The state argues that appellee is ineligible for the sealing of his record by R.C. 2953.36(A), which provides that the expungement provisions do not apply to "[c]onvictions when the offender is subject to a mandatory prison term[.]" It is undisputed that, at the time of appellee's conviction under former R.C. 2925.03(A)(5), R.C.2925.03(C)(5) required that appellee receive a mandatory prison term of three years. However, it is also undisputed that, under the current sentencing statute, appellee's conviction would not mandate a prison term. Relying upon State v. LaSalle, 96 Ohio St.3d 178, 2002-Ohio-4009, appellee contends that, in determining whether expungement should be granted, the court must look to the statutory law in effect at the time of the application to seal record. Thus, appellee contends, because the current sentencing statute does not require a mandatory prison term for the crime for which he was convicted in 1979, R.C. 2953.36(A) does not preclude the sealing of his record. *Page 4 
 {¶ 7} In LaSalle, the defendant was convicted of domestic violence, a misdemeanor of the first degree. Subsequently, pursuant to R.C.2953.32(A)(1), the defendant filed an application to seal the record of his domestic violence conviction. The trial court granted the application. Eight months after the decision, the state filed a motion to vacate, asserting that R.C. 2953.36(C) had been enacted four months after the defendant filed his application and one month prior to the trial court's decision, and now prohibited the sealing of records of first-degree misdemeanor convictions involving offenses of violence, including domestic violence. The trial court granted the motion to vacate. On appeal, the court of appeals reversed the trial court's decision. The Ohio Supreme Court addressed the matter upon a motion to certify conflict and concluded that "[t]he statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." Id., at paragraph two of the syllabus. The court held that the version of R.C. 2953.36 in effect at the time of the filing of the application did not preclude the sealing of records of convictions of domestic violence offenses, and the trial court improperly applied the amended version of R.C. 2953.36 to the application in advance of the effective date of the statutory changes.
 {¶ 8} In the present case, although appellee relies upon the syllabus holding in LaSalle that "[t]he statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling[,]" appellee takes the statement out of context. The "statutory law " referred to in paragraph two of the syllabus inLaSalle clearly refers to R.C. 2953.36. In LaSalle, it was the expungement statute that had changed, not the statute under which the defendant had been charged. There is nary a hint in LaSalle that the Ohio Supreme Court meant that a court must consider the version *Page 5 
of the statute under which the applicant was convicted that was in effect at the time of the application to determine eligibility for expungement. The certified question the Ohio Supreme Court was asked to consider in LaSalle leaves no room for any other interpretation:
 "Where an application to seal a criminal conviction is filed before the effective date of an amendment to R.C. 2953.36, which amendment prohibits the sealing of the record of the type of conviction referenced in the application, and the trial court rules on the application after the effective date of the amendment, is the amendment to be applied retroactively to the application made prior to the effective date of the amendment?"
Id., at ¶ 6. Thus, it is clear the Ohio Supreme Court was addressing only which version of R.C. 2953.36 to apply and not the statute under which the defendant was convicted. Appellee herein cites no other authority for his novel interpretation of LaSalle or any other case law to support his proposition of law, and we find none. In addition, when determining eligibility for expungement, this court and other courts have addressed applications for sealing of record under the statutes of conviction in effect at the time of applications. See, e.g., State v.Blank, Franklin App. No. 04AP-341, 2005-Ohio-2642 (in analyzing 2003 application for sealing of record, the court reviewed the version of R.C. 2925.03 in effect at the time of the defendant's 1986 conviction for aggravated trafficking); State v. Prosser, Hamilton App. No. C-030187, 2003-Ohio-5516 (in analyzing a 2001 application for sealing of record, the court reviewed the version of the statute under which the defendant was convicted that was in effect at time of the 1984 conviction); State v. Milavec (July 5, 2001), Cuyahoga App. No. 79235 (in analyzing a 2000 application for sealing of record, the court reviewed the statute under which the defendant was convicted *Page 6 
that was in effect at the time of the 1987 conviction). For these reasons, we find the state's assignment of error well-taken, and we remand the matter.
 {¶ 9} Accordingly, the state's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with the law, consistent with this opinion.
Judgment reversed; cause remanded.
 SADLER, P.J., and TYACK, J., concur. *Page 1