OPINION *Page 2 
{¶ 1} Defendant-Appellant, Eric Spencer appeals the July 3, 2008 judgment of the Guernsey County Court of Common Pleas to deny his Motion to Seal Criminal Records. The following facts give rise to the appeal.
 {¶ 2} On July 28, 1998, Appellant left a friend's house in Wayne County, Ohio and proceeded to Interstate 77 in order to return to his home in North Carolina. He continued traveling on I-77 southbound into Guernsey County. That same evening, Joseph and Susan Venditti left their home in North Royalton, Ohio, with their child in order to travel to South Carolina for a vacation. As both vehicles proceeded on I-77 southbound, Appellant's automobile rapidly approached the Venditti pickup truck from behind and collided with the truck's rear left section. The truck rolled over and left the roadway. Susan Venditti was ejected from the passenger seat and died as a result of her injuries. Appellant did not stop at the scene, but was pulled over after crossing the state line by a West Virginia police officer.
 {¶ 3} Based upon the accident, the Guernsey County Grand Jury indicted Appellant on charges of Involuntary Manslaughter with a specification of criminal negligence, in violation of R.C. 2903.04(B), a third degree felony; Aggravated Vehicular Homicide, in violation of R.C. 2903.06, a third degree felony; and Failing to Stop After an Accident, in violation of R.C. 4549.02, a first degree misdemeanor. Appellant waived a jury trial, and the matter was tried to the trial court on October 4 — 6, 1999. Appellant was found guilty of involuntary manslaughter, vehicular homicide, and failure to stop at the scene. On November 23, 1999, the trial court sentenced Appellant to four years for *Page 3 
involuntary manslaughter, six months for vehicular homicide and six months for failure to stop. The trial court also gave Appellant a fine and suspended his driver's license.
 {¶ 4} Appellant filed a timely appeal of his conviction and sentence with this Court. On November 7, 2000, we affirmed the judgment of the trial court in part, reversed in part and partially vacated Appellant's sentence. See State v. Eric S. Spencer (Nov. 7, 2000), Guernsey App. No. 99 CA 43. We vacated Appellant's six month sentence for vehicular homicide based upon the holding of State v. Chippendale (1990),52 Ohio St.3d 118. The remainder of the trial court's order of convictions and sentences were affirmed.
 {¶ 5} On November 11, 2002, Appellant filed a pro se motion for judicial release. The trial court held an evidentiary hearing on the motion on February 13, 2003. By judgment entry, the trial court granted Appellant's motion for judicial release, stating in the entry that Appellant was eligible for judicial release in part because Appellant had served all mandatory prison time. The trial court placed Appellant on community control supervision for five years.
 {¶ 6} Appellant filed a Motion to Seal Criminal Record on December 27, 2005. The trial court denied the motion, finding that pursuant to R.C. 2953.32(A)(1), Appellant could not make an application for expungement until April 26, 2008, three years after expiration of Appellant's final discharge of his conviction for involuntary manslaughter. Appellant's community control sanctions were terminated by judgment entry on April 25, 2005.
 {¶ 7} Appellant filed a renewed Motion to Seal Criminal Records on June 3, 2008. In its response to the motion, the State argued that Appellant's record could not *Page 4 
be sealed pursuant to R.C. 2953.32. It stated the statute did not permit the sealing of the record for a conviction under R.C. 2953.36(A) in which "the offender is subject to a mandatory prison term." The State argued that Appellant was convicted of involuntary manslaughter and pursuant to R.C. 2904.04(D)(2), the offense carries a mandatory prison term.
 {¶ 8} The trial court set the matter for a non-oral hearing. The trial court denied Appellant's motion on July 3, 2008, finding that Appellant served a mandatory prison term. Therefore, under the expungement statute, the trial court could not seal his record. The trial court did no further analysis.
 {¶ 9} It is from this judgment entry Appellant now appeals.
 {¶ 10} Appellant raises one Assignment of Error:
 {¶ 11} "THE TRIAL COURT ERRED WHEN IT DETERMINED THAT APPELLANT'S SENTENCE HAD BEEN MANDATORY, THUS PRECLUDING HIS RECORD FROM BEING SEALED."
 {¶ 12} Appellant argues in his sole Assignment of Error that the trial court abused its discretion when it denied Appellant's motion to seal his criminal record based upon the trial court's finding that Appellant was subject to a mandatory prison term due to conviction for involuntary manslaughter. We agree.
 {¶ 13} "`[E]xpungement is an act of grace created by the state,' and so is a privilege, not a right." State v. Simon, 87 Ohio St.3d 531, 533,2000-Ohio-474, 721 N.E.2d 1041 quoting State v. Hamilton (1996), 75 Ohio St,3d 636, 639, 665 N.E.2d 669. Expungement can be granted only when all requirements for eligibility are met. Id. "An expungement proceeding is not an adversarial one; the primary purpose of an *Page 5 
expungement hearing is to gather information. Id. Because expungement proceedings are not adversarial, the Rules of Evidence do not apply." Id.
 {¶ 14} Generally, an appellate court reviews a trial court's disposition of an application for sealing of a record under an abuse of discretion. State v. Pierce, 10th Dist. Case No. 06AP-931, 2007-Ohio-1708 at ¶ 5 citing State v. Hilbert (2001),145 Ohio App.3d 824, 827. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. However, where questions of law are in dispute, an appellate court reviews the trial court's determination de novo. Pierce, supra, citing State v.Derugen (1996), 110 Ohio App.3d 408, 410.
 {¶ 15} Specific statutory provisions govern the sealing of a record of conviction. See R.C. 2953.31 through 2953.36. R.C. 2953.32(C)(1)(a) through (e) sets forth the factors a trial court shall consider in determining whether to grant an application for the sealing of a conviction record. This portion of the statute provides as follows:
 {¶ 16} "(a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. * * *
 {¶ 17} "(b) Determine whether criminal proceedings are pending against the applicant;
 {¶ 18} "(c) If the applicant is a first offender * * *, determine whether the applicant has been rehabilitated to the satisfaction of the court;
 {¶ 19} "(d) If the prosecutor has filed an objection * * *, consider the reasons against granting the application specified by the prosecutor in the objection; *Page 6 
 {¶ 20} "(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records."
 {¶ 21} If none of the above elements are determined adverse to the applicant, pursuant to R.C. 2953.32(C)(2), the court "shall order all official records pertaining to the case sealed."
 {¶ 22} R.C. 2953.36 provides however, and as relevant to the present case, that "[s]ections 2953.31 to 2953.35 of the Revised Code do not apply to convictions when the offender is subject to a mandatory prison term * * *." The State argued in its objection to Appellant's application for expungement that Appellant's conviction for involuntary manslaughter carried a mandatory prison term. The trial court agreed with the State and denied Appellant's application for expungement based solely upon this determination.
 {¶ 23} An offender is subject to a mandatory prison term when the offender is not eligible for probation. State v. Simon,87 Ohio St.3d 531, 533, 2000-Ohio-474, 721 N.E.2d 1041. If an offender is ineligible for probation, the offender cannot have his record of conviction sealed. Id.
 {¶ 24} On October 7, 1999, Appellant was convicted for involuntary manslaughter, in violation of R.C. 2903.04(B). In determining Appellant's eligibility for expungement, the trial court is required to analyze the version of the statute under which the defendant was convicted that was in effect at the time of his conviction. See e.g.,State v. Blank, Franklin App. No. 04AP-341, 2005-Ohio-2642 (in analyzing 2003 application for sealing of record, the court reviewed the version of R.C. 2925.03 in effect *Page 7 
at the time of the defendant's 1986 conviction for aggravated trafficking); State v. Prosser, Hamilton App. No. C-030187,2003-Ohio-5516 (in analyzing a 2001 application for sealing of record, the court reviewed the version of the statute under which the defendant was convicted that was in effect at time of the 1984 conviction);State v. Milavec (July 5, 2001), Cuyahoga App. No. 79235 (in analyzing a 2000 application for sealing of record, the court reviewed the statute under which the defendant was convicted that was in effect at the time of the 1987 conviction). Accordingly, the trial court must analyze Appellant's application for sealing of the record under the version of R.C. 2903.04 in effect at the time of Appellant's 1999 conviction.
 {¶ 25} The current version of R.C. 2903.04 became effective on January 1, 2004. At the time of Appellant's conviction, a different version of R.C. 2903.04 was in effect. R.C. 2903.04, effective on July 1, 1996, stated,
 {¶ 26} "* * * (B) No person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a misdemeanor of the first, second, third, or fourth degree or a minor misdemeanor.
 {¶ 27} "(C) Whoever violates this section is guilty of involuntary manslaughter. * * * Violation of division (B) of this section is a felony of the third degree.
 {¶ 28} "(D)(1) In addition to any penalty imposed upon the offender under division (C) of this section and sections 2929.11 to 2929.18 of the Revised Code, if an offender is convicted of or pleads guilty to a violation of division (A) or (B) of this section and if the felony or misdemeanor that the offender committed or attempted to commit, that proximately resulted in the death of the other person or the unlawful termination of *Page 8 
another's pregnancy, and that is the basis of the offender's violation of division (A) or (B) of this section included, as an element of that felony or misdemeanor offense, the offender's operation or participation in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft while the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, both of the following apply:
 {¶ 29} "(a) The offender's driver's or commercial driver's license or permit or nonresident operating privilege shall be permanently revoked pursuant to section 4507.16 of the Revised Code;
 {¶ 30} "(b) The offender is not eligible for a sentence to a community control sanction, as defined in section 2929.01 of the Revised Code, pursuant to section 2929.13, or for judicial release pursuant to section 2929.20 of the Revised Code if any of the following apply relative to the offender:
 {¶ 31} "(i) The offender previously has been convicted of or pleaded guilty to a violation of division (A) or (B) of this section in which the felony or misdemeanor that the offender committed or attempted to commit, that proximately resulted in the death of the other person or the unlawful termination of another's pregnancy, and that is the basis of the offender's violation of division (A) or (B) of this section included, as an element of that felony or misdemeanor offense, the offender's operation or participation in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft while the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse; *Page 9 
 {¶ 32} "(ii) The offender previously has been convicted of or pleaded guilty to a violation of a municipal ordinance that is substantially similar to division (A) or (B) of this section and the felony or misdemeanor that the offender committed or attempted to commit, that proximately resulted in the death of the other person or the unlawful termination of another's pregnancy, and that is the basis of the offender's violation of the municipal ordinance that is substantially similar to division (A) or (B) of this section included, as an element of that felony or misdemeanor offense, the offender's operation or participation in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft while the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
 {¶ 33} "(iii) The offender previously has been convicted of or pleaded guilty to a violation of section 1547.11, 2903.06, 2903.07, 2903.08,4511.19, or 4511.192 of the Revised Code, division (B) or (D) of section 4507.02 of the Revised Code, section 4507.38 or 4507.39 of the Revised Code as those sections existed prior to September 24, 1986, a municipal ordinance that is substantially similar to section 2903.06, 2903.07,2903.08, 4511.19, or 4511.192 of the Revised Code, or a municipal ordinance that is substantially similar to section 4507.38 or 4507.39 of the Revised Code as those sections existed prior to September 24, 1986;
 {¶ 34} "(iv) The offender has accumulated twelve points pursuant to section 4507.021 of the Revised Code within one year of the offense;
 {¶ 35} "(v) The offender was driving under suspension at the time he committed the offense. *Page 10 
 {¶ 36} "(2) In determining, for purposes of division (D)(1) of this section, whether an offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse at the time of the commission of the offender's violation of division (A) or (B) of this section, the trier of fact may consider as competent evidence the concentration of alcohol in the offender's blood, breath, or urine as shown by a chemical test taken pursuant to section 1547.111 or 4511.191 of the Revised Code. The offender shall be presumed to have been under the influence of alcohol if there was, at the time the bodily substance was withdrawn for the chemical test, a concentration of ten-hundredths of one per cent or more by weight of alcohol in the offender's blood, ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the offender's breath, or fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of the offender's urine."
 {¶ 37} R.C. 2929.14(A)(3) in effect at the time of Appellant's conviction stated, "[f]or a felony of the third degree, the prison term shall be one, two, three, four, or five years." The State argues that the use of the word "shall" in the statute makes the sentence mandatory. We disagree, pursuant to State v. Webb (Nov. 19, 1998), 8th Dist. No. 73974, which analyzed R.C. 2903.04, effective July 1, 1996, in regards to whether a defendant convicted under R.C. 2903.04(B) is subject to a mandatory prison term.
 {¶ 38} In Webb, the defendant entered a plea of guilty to a charge of involuntary manslaughter, in violation of R.C. 2903.04(B), with a firearm specification. The firearm specification called for a mandatory sentence of one year. The trial court sentenced defendant to one year in prison on the firearm specification, to be served prior to and consecutive with a one year definite sentence on the charge of involuntary *Page 11 
manslaughter. The trial court suspended the sentence on the offense of involuntary manslaughter and ordered that defendant be returned to the Cuyahoga County Jail upon completion of the one year sentence on the firearm specification. At that time, defendant would be placed on five years Community Control Sanctions and serve two consecutive six month sentences in the Cuyahoga County Jail.
 {¶ 39} In determining whether the defendant's sentence was proper, the 8th District Court of Appeals stated as follows:
 {¶ 40} "In this case, it is undisputed that defendant-appellant was convicted of R.C. 2904.03(B), a felony of the third degree. R.C. 2929.14(A)(3) provides that the sentence for a third degree felony alone is a term of one, two, three, four or five years in prison. The trial court would be permitted to suspend the sentence on a third degree felony standing alone without the firearm specification and place a defendant on Community Control Sanctions for a period not to exceed five years. See R.C. 2929.15. As part of Community Control Sanctions, the trial court may sentence a defendant to a term of six months in a community based correctional facility where a mandatory prison term is not required. R.C. 2929.16. (Footnote omitted).
 {¶ 41} "In this matter, the firearm specification coupled with the substantive charge of involuntary manslaughter mandates a prison term. R.C. 2929.15(A)(1) states `If in sentencing an offender for a felony, the court is not required to impose a prison term, a mandatory prison term, * * * the court may directly impose a sentence that consists of one or more community control sanctions * * *.' In this case, the court was required to impose a mandatory sentence of one (1) year on the firearm specification and, therefore, could not directly impose a community control sanction." *Page 12 
 {¶ 42} The court found the trial court erred in its sentencing. It found,
 {¶ 43} "In this case, defendant-appellant entered a plea of guilty to involuntary manslaughter, as amended, a felony of the third degree. The trial court sentenced defendant-appellant to a term of one year imprisonment. The court then suspended the sentence and placed defendant-appellant on five years Community Control Sanctions and ordered defendant-appellant to serve two consecutive six month sentences in the Cuyahoga County Jail upon completion of the prison sentence on the firearm specification effectively placing defendant-appellant in a local facility to serve the one year sentence on the involuntary manslaughter conviction. Since defendant-appellant was convicted of a third degree felony coupled with a firearm specification for which a prison term is mandated, the trial court is not permitted to sentence defendant-appellant to serve that sentence in a local institution pursuant to R.C. 2929.221.
 {¶ 44} "Accordingly, defendant-appellant's sole assignment of error is well taken. The court may sentence defendant-appellant on the substantive charge of involuntary manslaughter to one, two, three, four, or five years at a state institution consecutive to the sentence for the firearm specification. After the mandatory time on the firearm is served, the trial court may entertain a judicial release request and thereafter impose community control sanctions available to the court including but not limited to local county jail time and any other conditions authorized by statute.FN2
 {¶ 45} "FN2. Although involuntary manslaughter standing alone may be probationable, in this instance it is not until defendant-appellant has completed the mandatory aspect of his sentence. See R.C. 2929. The firearm specification standing alone allows for no sentence. It is viable only in concert with the manslaughter *Page 13 
conviction. In this examination, the review must be as to a combination of both." Id. at *3.
 {¶ 46} Upon our review of R.C. 2903.04(B) in effect at the time of Appellant's conviction, we find that Appellant was not subject to a mandatory prison term. Nor do we find R.C. 2903.04(D), where a defendant would be ineligible for community control sanctions or judicial release, to be applicable to the facts of the present case. The State has not argued that Appellant was under the influence of drugs or alcohol at the time of the offense, nor that he had previously been convicted of a similar offense while under the influence of drugs or alcohol.
 {¶ 47} The record of the sentencing hearing in the present case supports our finding.[1] At the sentencing hearing, the trial court relied upon R.C. 2929.13(B)(1) wherein it stated, "[h]ere, this offense, or the most serious of which the defendant is being sentenced for, Involuntary Manslaughter, it is a felony of the third degree. Under Ohio law there is no guidance for the Court other than the factors that ordinarily apply. That is, there is no presumption for or against prison." (T. 358). The trial court went on to weigh the factors of R.C. 2929.13(B)(1) to find eight "prison-eligible factors." Id.
 {¶ 48} The trial court then balanced the recidivism factors of R.C. 2929.12(D) and (E). (T. 359). As part of its analysis, the trial court found Appellant had no prior criminal convictions. Id. Upon the weighing of the factors, the trial court found a prison sentence was appropriate and sentenced Appellant to fours years of imprisonment. (T. 365). The trial court informed Appellant that he could file an application for judicial *Page 14 
release after six months. Id.
 {¶ 49} Appellant filed an application for judicial release on November 11, 2002 and the trial court granted the application on February 13, 2003. The trial court then placed Appellant on Community Control supervision for a period of five years.
 {¶ 50} As stated above, an appellate court can independently determine, as a matter of law, whether the trial court erred in applying the substantive law to the facts of the case. We find the trial court's judgment that Appellant was subject to a mandatory sentence pursuant to his conviction under R.C. 2903.04(B), effective July 1, 1996, was erroneous as a matter of law and we must therefore find the trial court abused its discretion in denying Appellant's application to seal the record on that basis.
 {¶ 51} Accordingly, Appellant's sole Assignment of Error is sustained.
 {¶ 52} Our analysis in this case, however, does not end here. R.C. 2953.32(C)(1) sets forth factors the trial court shall consider in determining whether to grant an application for the sealing of a conviction record. In State v. Bates, Ashland App. No. 03-COA-057,2004-Ohio-2260, we held that a trial court must include proper findings in its judgment entry to illustrate compliance with R.C. 2953.32. Id. at ¶ 24. Upon review of the trial court's judgment entry denying the defendant's application to seal the record in Bates, we found the trial court "never made any findings, either on the record or otherwise, regarding appellant's interest in having the record sealed or the government's need to maintain the records and regarding whether appellant had been rehabilitated to the satisfaction of the court." Id. at ¶ 25. We reversed the judgment of the trial court to deny the defendant's application and remanded the matter to the trial court to make the findings required by R.C. 2953.32(C). *Page 15 
 {¶ 53} In this case, because the trial court denied Appellant's application based upon the conclusion that Appellant was subject to a mandatory prison term and not eligible for expungement, the trial court did no further analysis under the factors of R.C. 2953.32(C). Based upon our decision in Bates, we remand the matter to the trial court for further proceedings under R.C. 2953.32(C).
 {¶ 54} The judgment of the Guernsey County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this opinion.
Delaney, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this opinion. Costs assessed to Appellee.
[1] Due to the age of the case, the Clerk of Courts destroyed the trial and sentencing transcripts of this case. Pursuant to App. R. 9(C), Appellant has provided a statement of the evidence and a partial copy of the sentencing transcript. *Page 1