[Cite as *State v. S.R.*, 2021-Ohio-4458.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 21AP-27 |
| v. | : | (C.P.C. No. 13CR-243) |
| [S.R.], | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 16, 2021

**On brief:** *Dave Yost*, Attorney General, *Matthew Smallwood,* and *Andrew Kielczewski*, for appellant.

**On brief:** *Charles H. Bartlett, Jr.*, for appellee.

APPEAL from the Franklin County Court of Common Pleas.

MENTEL, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from an entry of the Franklin County Court of Common Pleas granting the application of defendant-appellee, S.R., to seal the record of her prior conviction.

{¶ 2} For the reasons that follow, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} On January 15, 2013, S.R. was indicted by a Franklin County Grand Jury of two counts of theft by deception in violation of R.C. 2913.02(A)(3), felonies of the fifth degree (Counts 1 and 2); and one count of medicaid fraud in violation of R.C. 2913.40(B), a misdemeanor of the first degree (Count 3).

{¶ 4} On February 11, 2014, S.R. entered a plea of guilty to one count of medicaid fraud in violation of R.C. 2913.40(B), a misdemeanor of the first degree. The remaining

counts were dismissed nolle prosequi.  The trial court sentenced S.R. to 30 days in jail.  The trial court "**further Ordered [S.R.] to pay restitution in the amount of $2,177.26 to the Ohio Department of Medicaid, c/o Ohio Attorney General's Office**." (Emphasis sic.) (Feb. 13, 2014 Entry.)  The trial court wrote, "**[i]f Defendant pays costs and restitution prior to September 11, 2014, then the days in jail will be SUSPENDED and case closed**."  (Emphasis sic.) (Feb. 13, 2014 Entry.)  The deadline to pay restitution was subsequently modified to December 11, 2014.  (Sept. 11, 2014 Criminal Case Processing Sheet.)

{¶ 5}  On December 30, 2014, the trial court filed a "Criminal Case Processing Sheet" finding S.R. had failed to pay restitution by December 11, 2014.  The trial court ordered S.R. to serve 30 days in jail.  S.R. was given 9 days of jail-time credit for time already served.  On March 30, 2015, the trial court modified the 30 day sentence and ordered S.R. to be released on March 31, 2015.

{¶ 6}  On October 16, 2020, S.R. filed an application to seal her record of conviction pursuant to R.C. 2953.32(A).  Appellant filed a memorandum in opposition on November 17, 2020.  Appellant argued that S.R. was not eligible to have her record of conviction sealed as she had only paid $1,000.00 toward restitution leaving a remaining balance of $1,177.26.  On January 6, 2021, the trial court held a hearing on this matter.  The parties stipulated that appellee would qualify for sealing of the record of conviction outside the issue of restitution.  On January 13, 2021, the trial court granted S.R.'s application for sealing of the record of conviction.  The trial court wrote:

> On December 30, 2014, [trial judge] signed an Entry noting that the Applicant "failed to pay fines/costs/restitution by December 11, 2014 after receiving an extension. Defendant shall serve 30 days forthwith less 9 days jail time credit." [Court Exhibit 1]. Thereafter on March 30, 2015, [trial judge] filed a second Entry stating "30-day sentence modified. Defendant to be released March 31, 2015." [Court Exhibit 2]. Consequently, this Court finds that the jail sentence imposed by [trial judge] on December 30, 2014 for failure to pay restitution, and later served by Applicant up until March 31, 2015, reflects the "final discharge" in the Applicant's criminal case number 13CR-243.

(Jan. 13, 2021 Entry.)

{¶ 7}  Appellant filed a timely appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 8}   Appellant assigns the following as trial court error:

[1.] THE TRIAL COURT ERRED IN GRANTING APPELLEE'S APPLICATION TO SEAL RECORD OF CONVICTION, PURSUANT TO R.C. 2953.32, WHERE SHE HAS NOT PAID THE FULL AMOUNT OF RESTITUTION.

[2.] THE TRIAL COURT ERRED WHEN IT FOUND THAT THE MODIFICATION TO THE SENTENCE VACATED THE RESTITUTION ORDER.

## III.  LEGAL ANALYSIS

{¶ 9}   In appellant's first assignment of error, it argues the trial court erred in granting S.R.'s application to seal her record of conviction as she had failed to pay the full amount of restitution.  In appellant's second assignment of error, it argues that the trial court erred in finding the modification to S.R.'s sentence vacated the remaining restitution order.  For harmony of analysis, we will address both assignments of error together.

{¶ 10}  Sealing of a criminal record is an act of grace created by the state and, as such, is a privilege not a right.  *State v. Black*, 10th Dist. No. 14AP-338, 2014-Ohio-4827, ¶ 8, quoting *State v. Simon*, 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996).  A trial court may only grant the sealing of a criminal record when all the statutory requirements have been met.  *Black* at ¶ 8, citing *State v. Brewer*, 10th Dist. No. 06AP-464, 2006-Ohio-6991, ¶ 5, citing *In re White*, 10th Dist. No. 05AP-529, 2006-Ohio-1346, ¶ 4-5.

{¶ 11}  Whether to grant an application to seal a record of a criminal conviction is a two-step process.  *State v. J.L.*, 10th Dist. No. 19AP-91, 2020-Ohio-3466, ¶ 9.  First, the trial court must determine if the applicant is an "eligible offender" under R.C. 2953.31 and 2953.32.  The second step for reviewing an application to seal a criminal record requires the trial court to weigh a number of substantial considerations for or against sealing the criminal records.  *Id.* at ¶ 9, citing *State v. C.A.*, 10th Dist. No. 14AP-738, 2015-Ohio-3437, ¶ 9.

{¶ 12}  Generally, a reviewing court will not reverse the trial court's decision to grant an application to seal a criminal record absent an abuse of discretion.  *State v. A.L.M.*, 10th Dist. No. 16AP-772, 2017-Ohio-2772, ¶ 9.  The trial court abuses its discretion when the

reviewing court determines that the decision was "unreasonable, arbitration or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, "[w]hether an applicant is an 'eligible offender' for purposes of an application to seal the record of a conviction is an issue that we review de novo." (Internal citations omitted.) *State v. C.L.H.*, 10th Dist. No. 18AP-495, 2019-Ohio-3786, ¶ 12. As appellant's assignments of error concern whether S.R. has satisfied all aspects of her sentence and is an eligible offender for purposes of filing an application to seal her criminal record, we will review this case de novo.

{¶ 13} As set forth in R.C. 2953.32(A)(1), "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction." While the Ohio Revised Code does not define the term "final discharge," both this court and the Supreme Court of Ohio have found that final discharge occurs when an offender has served all aspects of the sentence, including the satisfaction of restitution. *J.L.* at ¶ 13, citing *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, syllabus.

{¶ 14} The Supreme Court has recognized that payment of restitution is both remedial and punitive. *Aguirre* at ¶ 23. Restitution is an obligation rooted in the duty of the state "to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose." (Internal quotations omitted.) *Id.*, quoting *State v. Pettis*, 133 Ohio App.3d 618 (8th Dist.1999), quoting *Kelly v. Robinson*, 479 U.S. 36, 52 (1986), quoting *In re Pellegrino*, 42 B.R. 129, 133 (Bankr.D.Conn.1984). Only after restitution is fully paid does the waiting period commence. *Aguirre* at ¶ 20. Once the requisite waiting period has concluded, the offender becomes an eligible offender to file an application to seal the record of conviction. *Id.* When an applicant is not an eligible offender, the court lacks jurisdiction to grant his or her application to seal the record of conviction. *State v. Gainey*, 10th Dist. No. 14AP-583, 2015-Ohio-3119, ¶ 10, citing *State v. Dominy*, 10th Dist. No. 13AP-124, 2013-Ohio-3744, ¶ 6. An order sealing the record of an offender that is not eligible is void for lack of jurisdiction and may be vacated at any time. *Dominy* at ¶ 6, citing *In re Barnes*, 10th Dist. No. 05AP-355, 2005-Ohio-6891, ¶ 12.

{¶ 15} The state asserts that because S.R. did not pay the entire balance of restitution, she has not received a final discharge and, therefore, is not eligible to have her criminal record sealed. We agree.

{¶ 16} In its February 11, 2014 entry, the trial court imposed a sentence of 30 days in jail and "**further Ordered [S.R.] to pay restitution in the amount of $2,177.26 to the Ohio Department of Medicaid, c/o Ohio Attorney General's Office.**" (Emphasis sic.) (Feb. 11, 2014 Entry.) The trial court went on to write, "**[i]f Defendant pays costs and restitution prior to September 11, 2014, then the days in jail will be SUSPENDED and case closed.**" (Emphasis sic.) (Feb. 11, 2014 Entry.) The deadline to pay restitution was later modified to December 11, 2014. Because S.R. failed to pay restitution by the December 11, 2014 deadline, the trial court required her to serve 30 days in jail.[1] The trial court later modified the 30 day sentence and ordered S.R. to be released on March 31, 2015.

{¶ 17} The plain language of the trial court's entry indicates that the restitution and term of incarceration are distinct punishments. This is evidenced by the trial court's use of "further" to distinguish the order of restitution and jail time in the entry. Given the clear delineation in punishments by the trial court, this court is not persuaded by S.R.'s argument that the trial court allowed her to choose between paying restitution or serving 30 days in jail. There is also no indication by the trial court in subsequent entries that the remaining balance of $1,177.26 was ever waived. " 'A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum.' " *State v. Draughon*, 10th Dist. No. 11AP-703, 2012-Ohio-1917, ¶ 30, quoting *Schenley v. Kauth*, 160 Ohio St. 109 (1953), paragraph one of the syllabus. While the trial court's offer to suspend S.R.'s 30 day sentence served as an incentive for her to pay restitution in a timely manner, the restitution order did not expire upon completion of her term of incarceration on March 31, 2015. Moreover, we also note that the trial court made a point at the sentencing hearing that it would ensure appellant received full restitution. Prior to the sentencing hearing, S.R. paid $1,000.00 of the restitution order leaving the remaining balance of $1,177.26. As to the remaining balance of restitution, the trial court stated: "I'm not

---

[1] S.R. was given 9 days of jail-time credit for time already served.

disappointed about whether the State gets all its money or not. I'm going to make sure of it." (Feb. 11, 2014 Tr. at 7.) As such, the argument that the trial court imposed a punishment of either 30 days in jail or payment of restitution is not a reasonable reading of the entry.

{¶ 18} S.R. also argues that the trial court's order to pay restitution expired when appellee was released from jail as she was not placed on community control. This argument is also without merit. As the Supreme Court wrote in *Aguirre*:

> While community-control sanctions end after five years, R.C. 2929.15(A)(1), the obligation to pay restitution does not expire due to the passage of time. *See* R.C. 2929.18. Thus, an offender who has satisfied five years of community-control obligations is not eligible to apply for sealing until his or her restitution obligations have been satisfied, no matter how long that takes. This is so because the final discharge required by R.C. 2953.32(A)(1) does not occur until an offender satisfies all sentencing requirements. Court-ordered restitution is one such sentencing requirement.

*Aguirre* at ¶ 28.

{¶ 19} As stated in *Aguirre*, while community control is limited to five years, there is no limit on the duration of restitution. *Compare* R.C. 2929.15(A)(1) (stating the duration of community control sanction shall not exceed five years) with R.C. 2929.18(A)(1) (placing no limit on the duration of a restitution obligation). While the trial court did not seek to enforce the restitution order, S.R. was not relieved of her obligation to pay restitution when she was released from jail.

{¶ 20} As the restitution order was never fully satisfied, S.R. is not an eligible offender for purposes of an application to seal her record of conviction under R.C. 2953.32(A). Accordingly, the trial court committed reversible error granting S.R.'s application to seal the record of conviction in case No. 13CR-243.

{¶ 21} Appellant's two assignments of error are sustained.

## IV. CONCLUSION

{¶ 22} Having sustained appellant's two assignments of error, we remand this case to the Franklin County Court of Common Pleas to vacate its order granting S.R.'s

application to seal the record of her conviction in case No. 13CR-243, unseal the record of appellee's conviction, and dismiss the application.

*Judgment reversed and cause remanded with instructions.*

DORRIAN, P.J. and LUPER SCHUSTER, J., concur.

_____