[Cite as *State v. Weaver*, 2024-Ohio-3215.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29992 |
| | : | |
| v. | : | Trial Court Case No. 1998 CR 00868 |
| | : | |
| DESSALINE WEAVER | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on August 23, 2024

. . . . . . . . . . .

DESSALINE WEAVER, Pro Se Appellant

MATHIAS H. HECK, JR., by SARAH H. CHANEY, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Dessaline Weaver appeals pro se from the denial of his application to seal the record of his convictions for forgery, felonies of the fifth degree. Because Weaver failed to complete all the requirements of his sentence, he was ineligible for the sealing of his convictions. The judgment of the trial court is affirmed.

**Procedural History**

{¶ 2} Weaver was indicted on four counts of forgery on November 13, 1998. Weaver later pled guilty to two counts of forgery, and the other counts were dismissed. He was sentenced to five years of intensive supervision and was ordered to pay restitution in the amount of $4,534 "to the victim" as a condition of his community control.

{¶ 3} On March 5, 2002, Weaver was found to have violated the conditions of his community control. He was sentenced to nine months in jail on each count, to be served concurrently.

{¶ 4} On September 8, 2023, Weaver filed a pro se application to seal the record of his forgery convictions. The State received notice of the hearing on the application and did not file any objections. The hearing occurred on November 15, 2023. The court advised Weaver that the court had conducted a background check to see if he was statutorily eligible to have the record sealed, and the report showed that he was not statutorily eligible for several reasons: "One, you have a very extensive criminal history. It looks like you've been to prison seven different times. Also there is [a] pending restitution order in the amount of $4,500 that you've made zero payments on." The court's entry denying the application stated that Weaver had not "rehabilitated to the satisfaction of the Court" and noted that he had made no payments on his restitution in the amount of $4,534.

**Assignment of Error and Analysis**

{¶ 5} Weaver asserts the following assignment of error:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE

APPELLANT AND/OR ABUSED ITS DISCRETION BY DENYING THE MOTIONS TO SEAL RECORD OF CONVICTION.

{¶ 6} Weaver argues that his previous convictions to which the trial court referred have all been sealed, that the "restitution order was receded," and that he had been the "re-sentenced to a prison." Weaver asserts:

> The trial court failed to allow the defendant-appellant to show that he has not had any contact with the law in over 20 years: been clean from all drugs and alcohol for over 18 years; has a volunteer badge to go into all prisons in the state to carry the message of recovery and change and is currently employed by the United States Federal Government with plans to retire to Costa Rica next year.

{¶ 7} Weaver argues that those "plagued by felony and misdemeanor convictions suffer collateral consequences in many facets of life," including employment, professional licensure restrictions, abridgment of firearms rights, potential future criminal charging or sentence enhancements, and other matters, from which record sealing provides relief.

{¶ 8} The State responds that the trial court lacked jurisdiction to seal Weaver's record because he was not an eligible offender, citing the unsatisfied order of restitution. The State asserts that Weaver's criminal history dated from 1976 to 2004.

{¶ 9} We note that Weaver filed a reply brief on June 27, 2024, which was stricken from the record on the State's motion. The reply advanced arguments not previously raised and exhibits outside of the record. Weaver filed an amended reply brief on July 5, 2024, which we accepted, with the exclusion of the exhibits attached thereto. In his

amended reply brief, Weaver argues that his March 6, 2002 judgment of conviction was "devoid of any financial sanction" and accused the trial court of "cherry-picking" certain aspects of its previous termination entry. He also asserts that the indictment and all other charging documents did not identify the victim to whom restitution was owed. Weaver argues that his prior cases were expunged prior to the hearing on his application in this case, and he was found to be rehabilitated in those cases.

{¶ 10} "Generally, an appellate court reviews a trial court's decision regarding a motion to expunge and seal the record under an abuse of discretion standard." *State v. Inscho*, 2019-Ohio-809, ¶ 12 (2d Dist.), citing *State v. Pierce*, 2007-Ohio-1708, ¶ 5 (10th Dist.) Where, however, "the dispute as to the sealing of a record involves purely a legal question, our standard of review is de novo." *Id.*, citing *State v. Futrall*, 2009-Ohio-5590, ¶ 6-7. At issue here is whether Weaver had satisfied all aspects of his sentence and was an eligible offender, which we will review de novo.

{¶ 11} "Sealing of a criminal record is an act of grace created by the state and, as such, is a privilege not a right." (Citations omitted.) *State v. S.R.,* 2021-Ohio-4458, ¶ 10 (10th Dist.). "A trial court may only grant the sealing of a criminal record when all the statutory requirements have been met." *Id.*, citing *State v. Black,* 2014-Ohio-4827, ¶ 8 (10th Dist.).

{¶ 12} The version of R.C. 2953.32 in effect at the time Weaver filed his application to seal his record states:

(A)(1) Except as provided in section 2953.61 of the Revised Code or as otherwise provided in division (A)(1)(c) of the section, an eligible offender may apply to the

sentencing court if convicted in this state . . . for the sealing of the record of the case that pertains to the conviction, except for convictions listed under section 2953.36 of the Revised Code.   Application may be made at one of the following times:

. . .

(b) At the expiration of one year after the offender's final discharge if convicted of a felony of the fourth or fifth degree or a misdemeanor . . .

. . .

(C)(1) The court shall do each of the following:

(a) Determine whether the applicant is an eligible offender . . .

{¶ 13} "While the Ohio Revised Code does not define the term 'final discharge,' [the Tenth District] and the Supreme Court of Ohio have found that final discharge occurs when an offender has served all aspects of the sentence, including the satisfaction of restitution."   *S.R.* at ¶ 13, citing *State v. J.L.,* 2020-Ohio-3466, ¶ 13 (10th Dist.), citing *State v. Aquirre,* 2014-Ohio-4603, syllabus.   *Aguirre* determined that "final discharge cannot occur until restitution is fully paid"; only then do the statutory waiting periods in R.C. 2953.32(A)(1) begin to run, and only after the expiration of the relevant period may application to seal a record be made.   *Aguirre* at ¶ 20.

{¶ 14} While community-control sanctions end at a stated time, "the obligation to pay restitution does not expire due to the passage of time."   *Id.* at ¶ 28.   "Thus, an offender who has satisfied [a term] of community-control obligations is not eligible to apply for sealing until his or her restitution obligations have been satisfied, no matter how long

it takes." *Id.* "This is so because the final discharge required by R.C. 2953.32(A)(1) does not occur until an offender satisfies all sentencing requirements. Court-ordered restitution is one such sentencing requirement." *Id.*

{¶ 15} The "Application for Sealing Report" relied on by the trial court stated:

Mr. Weaver has an extensive criminal history dating from 1976 to 2004 and has numerous felony and misdemeanor convictions. Jurisdictions in Ohio include Clermont County, Franklin County, Hamilton County, and Montgomery County. He also has convictions through Arizona, Florida, Kentucky, and South Carolina. Mr. Weaver has been sentenced to prison in Ohio seven different times, all of financial-related crimes.

The trial court's order stated that Weaver had "not been rehabilitated to the satisfaction of the Court" and still owed restitution in the amount of $4,534 after making no payments.

{¶ 16} Weaver does not argue that he paid the restitution, only that it was "receded." There is no indication in the record that the restitution order was discharged. *See also* R.C. 2929.18(A)(1). ("The court shall not discharge restitution until it is fully paid by the offender.") Accordingly, the trial court correctly concluded that Weaver was not an eligible offender for the sealing of his criminal record.

{¶ 17} Weaver's assignment of error is overruled.

{¶ 18} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.