THE STATE OF OHIO, APPELLEE, *v.* BISTARKEY, APPELLANT.

[Cite as *State v. Bistarkey* (1996), 75 Ohio St.3d 7.]

8

(No. 94–2114—Submitted December 6, 1995—Decided March 1, 1996.)

*James A. Philomena,* Mahoning County Prosecuting Attorney, and *Michele G. Cerni,* Assistant Prosecuting Attorney, for appellee.

*John J. Dixon* and *Stuart J. Banks,* for appellant.

PFEIFER, J. We find that R.C. 2947.061's language that its operation is "[s]ubject to sections 2951.02 to 2951.09 of the Revised Code" plainly means that

eligibility for probation under R.C. 2951.02 is a prerequisite to eligibility for shock probation under R.C. 2947.061. We therefore affirm the appellate court.

R.C. 2947.061(B), which allows a defendant to move for shock probation after serving six months of a sentence, read, at the time pertinent herein, in relevant part:

*"Subject to sections 2951.02 to 2951.09 of the Revised Code * * *,* the trial court may, upon the motion of the defendant, suspend the further execution of the defendant's sentence and place the defendant on probation upon such terms as the court determines, if the defendant was sentenced for an aggravated felony of the first, second, or third degree, is not serving a term of actual incarceration, is confined in a state penal or reformatory institution, and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction." (Emphasis added.)

In *State ex rel. Corrigan v. Cuyahoga Cty. Court of Common Pleas* (1976), 45 Ohio St.2d 187, 74 O.O.2d 300, 343 N.E.2d 94, this court held that R.C. 2951.02 did not apply to shock probation, because at that time R.C. 2947.061 read that shock probation was to be "subject to [R.C.] Sections 2951.03 to 2951.09, inclusive." This court reasoned from that language that the General Assembly did not intend shock probation to be subject to R.C. 2951.02. However, the General Assembly since that time has amended R.C. 2947.061 to be subject to R.C. 2951.02, clearly demonstrating its intent that the statute governing probation eligibility should also govern shock probation eligibility.

R.C. 2951.02(F) denies probation eligibility to persons committing crimes while armed with a firearm. The statute read, at the time pertinent herein, in relevant part:

"An offender shall not be placed on probation or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

" * * *

"(3) The offense involved was not a violation of section 2923.12 [carrying a concealed weapon] of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance * * *."

There is no dispute that Bistarkey committed his crime with a firearm. The plain language of R.C. 2947.061 makes him subject to R.C. 2951.02(F)(3). He is thus ineligible for probation, and we therefore affirm the decision of the appellate court.

*Judgment affirmed.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

DOUGLAS, J., dissents.