The STATE of Ohio, Appellee,

v.

JACKSON, Appellant.

[Cite as *State v. Jackson* (1996), 116 Ohio App.3d 377.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 94 C.A. 87.

Decided Dec. 20, 1996.

*James A. Philomena*, Mahoning County Prosecuting Attorney, and *Michele G. Cerni*, Assistant Prosecuting Attorney, for appellee.

*James R. Wise*, for appellant.

---

GENE DONOFRIO, Judge.

Defendant-appellant, Nijonjo Kenyatta Jackson, appeals from a decision rendered by the Mahoning County Common Pleas Court, sentencing him to a term of incarceration after he pled guilty to aggravated robbery in violation of R.C. 2911.01(A)(1), (B), a felony of the first degree.

On March 19, 1993, appellant was indicted by the Mahoning County Grand Jury for aggravated robbery in violation of R.C. 2911.01(A)(1), (B), which included a firearm specification, as a result of appellant's conduct in allegedly committing a theft offense against an employee of Amoco, located in Mahoning County, Ohio, on February 19, 1993.

Pursuant to Crim.R. 11 plea negotiations, plaintiff-appellee, the state of Ohio, dismissed the firearm specification and appellant thereafter pled guilty to the aggravated robbery charge. A guilty plea form was provided to the trial court, and the form was explained to appellant. He was advised of his constitutional rights before the trial court accepted his plea, and he was further advised that he was not eligible for probation.

The trial court did not take any evidence, either by stipulation or otherwise, concerning the facts of the crime or that the crime was committed with a firearm or other dangerous ordnance.

On June 23, 1993, appellant was found guilty and sentenced to an indefinite incarceration term of not less than five nor more than twenty-five years, granting him one hundred twenty-four days' credit for time served.

Appellant subsequently filed a motion for suspension of further execution of sentence, which was overruled by the trial court.

This appeal follows.

Appellant's sole assignment of error on appeal alleges:

"The trial court committed prejudicial error at the time of defendant's plea in advising the defendant he was not eligible for probation."

As the record in this case indicates, at the point in time which appellant pled guilty to aggravated robbery, the trial court advised him that he was not eligible for probation. Appellant submits that as a result of that finding, he may likewise be ineligible for shock probation. He argues that this is prejudicial error and that he should have been found eligible for both probation and shock probation.

Appellant contends that there was no direct or indirect evidence presented to indicate that a firearm was used in the commission of the crime to which he pled guilty. He maintains that although no objection was raised as to this issue at the time of his plea, the trial court committed plain error.

We find that the trial court did not err in informing appellant that he was ineligible for probation nor in overruling his motion for shock probation.

R.C. 2951.02 provides:

"(F) An offender shall not be placed on probation and shall not otherwise have the offender's sentence of imprisonment suspended pursuant to (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

" * * *

"(3) The offense involved was not a violation of section 2923.12 of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code."

Appellant pled guilty to a violation of R.C. 2911.01(A)(1), which provides:

"No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:

"(1) Have a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control; * * * "

In addition, the indictment in the instant case reads:

" * * * NIJONJO KENYATTA JACKSON AKA JON JO DAWG did in attempting or committing a theft offense as defined in Section 2913.01 of the Revised Code, against Lynette Taylor, an employee of Amoco, or in fleeing immediately after such attempt or offense, have a deadly weapon or dangerous ordnance, as defined in Section 2923.11 of the Revised Code, to wit: a firearm, on or about his person or under his control. In violation of Section 2911.01(A)(1)(B) * * *."

*State v. Bistarkey* (1996), 75 Ohio St.3d 7, 661 N.E.2d 167, involved a fact pattern very similar to this one. The Ohio Supreme Court affirmed a decision

rendered by this court and held that appellant was ineligible for shock probation because he was originally ineligible for probation. This was because the offense appellant pled guilty to, felonious assault, had been committed with a firearm, even though the firearm specification was dismissed as part of plea negotiations.

The indictment in the instant case indicates that appellant's offense of aggravated robbery was committed with a firearm and appellant's counsel admitted during the plea hearing that a weapon was used during the commission of the offense. A guilty plea is an admission of the facts alleged in the indictment. The Crim.R. 11 plea form indicated that the offense was nonprobationable and appellant acknowledged that fact without objection. We therefore find that the trial court did not err in advising appellant that he was not eligible for probation.

Appellant's sole assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., and COX, J., concur.