**[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 531.]**

THE STATE OF OHIO, APPELLEE, *v.* SIMON, APPELLANT.

[Cite as *State v. Simon*, 2000-Ohio-474.]

*Criminal law—Postconviction remedies—Under R.C. 2953.36, a defendant who is ineligible for probation pursuant to R.C. 2951.02 is ineligible to have his record sealed—When considering whether applicant is ineligible to have conviction record sealed under R.C. 2953.36, trial judge must examine entire record to determine whether applicant was armed with a firearm or dangerous ordnance.*

1.  Under the plain language of R.C. 2953.36, a defendant who is ineligible for probation pursuant to R.C. 2951.02 is ineligible to have his or her record sealed.

2.  When considering whether an applicant is ineligible to have a conviction record sealed under R.C. 2953.36 because the applicant may have been "armed with a firearm or dangerous ordnance" (R.C. 2951.02) at the time of the offense, a trial judge must examine the entire record to determine whether the applicant was so armed.

(No. 99-269–Submitted October 19, 1999–Decided January 19, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 74248.

————————————

{¶ 1} Defendant-appellant, Brian L. Simon, was indicted in 1992 on one count of felonious assault and one count of kidnapping. Both counts contained firearm specifications to the effect that "the offender had a firearm on or about his person or under his control while committing the offense charged."

{¶ 2} On February 11, 1993, after plea bargaining, defendant pled guilty in Cuyahoga County Common Pleas Court to an amended charge of assault in count one. Count two was nolled and the firearm specifications were dropped. Defendant

was sentenced to a suspended six-month jail term and placed on three years' probation. There is no indication that any appeal was ever taken from the court's imposition of sentence. Probation was terminated on December 14, 1993.

{¶ 3} On November 24, 1997, defendant applied to the trial court pursuant to R.C. 2953.32 to seal his record of conviction. The trial court first granted the motion to seal without a hearing, and then, after the state moved to vacate the order, the trial court held a hearing. Following the hearing, the court overruled the motion to vacate and upheld its earlier order of expungement.

{¶ 4} Upon appeal, the Court of Appeals for Cuyahoga County reversed the judgment of the trial court. The court of appeals held that defendant was not eligible for expungement and therefore found that the trial court erred in ordering that the record of defendant's conviction be sealed.

{¶ 5} This cause is now before this court upon the allowance of a discretionary appeal.

_____

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey*, Assistant Prosecuting Attorney, for appellee.

*John J. Ricotta* and *Charles W. Kinkopf*, for appellant.

_____

**ALICE ROBIE RESNICK, J.**

{¶ 6} The issue presented is whether the indisputable fact that defendant was armed during the commission of the offense he was convicted of makes defendant ineligible, as a matter of law, to have his record sealed. Defendant asserts that because he pled guilty to an amended charge that did not include a firearm specification and did not mention a firearm, he should not be precluded as a matter of law from eligibility to have his record sealed. For the following reasons, defendant's argument is unavailing. We agree with the court of appeals that

defendant is ineligible to have his record sealed, and so affirm the judgment of that court.

**{¶ 7}** "[E]xpungement is an act of grace created by the state," and so is a privilege, not a right. *State v. Hamilton* (1996), 75 Ohio St.3d 636, 639, 665 N.E.2d 669, 672. Expungement should be granted only when all requirements for eligibility are met. *Id*. at 640, 665 N.E.2d at 672. An expungement proceeding is not an adversarial one; the primary purpose of an expungement hearing is to gather information. *Id*. Because expungement proceedings are not adversarial, the Rules of Evidence do not apply. See Evid.R. 101(C)(7).

**{¶ 8}** Specific statutory provisions govern the sealing of a record of conviction. See R.C. 2953.31 through 2953.36. In particular, R.C. 2953.36 provides that the conviction records of some offenders cannot be sealed. As relevant to this case, R.C. 2953.36 provides, *inter alia*, that "[s]ections 2953.31 to 2953.35 of the Revised Code do not apply to convictions when the offender is subject to a mandatory prison term * * *."

**{¶ 9}** An offender is subject to a mandatory prison term when that offender is not eligible for probation. Thus, if an offender is ineligible for probation, that offender cannot have his record of conviction sealed. In this way, R.C. 2953.36 requires us to refer to statutory provisions on probation to determine eligibility for expungement.

**{¶ 10}** The probation restrictions found in former R.C. 2951.02(F) apply to this case. See R.C. 2951.011. Former R.C. 2951.02 provided:

"(F) An offender shall not be placed on probation, and shall not otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

" * * *

"(3) The offense involved was not a violation of section 2923.12 [carrying a concealed weapon] of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance." 143 Ohio Laws, Part I, 1470.

{¶ 11} Applying the above clear provisions, it is evident that, under the plain language of R.C. 2953.36, a defendant who is ineligible for probation pursuant to R.C. 2951.02 is ineligible to have his or her record sealed.

{¶ 12} Defendant argues that since he was, in fact, placed on probation, he must of necessity be eligible to have his record sealed. However, defendant's argument attempts to shift the focus away from where it belongs. Even though he may have avoided the firearm specifications by the plea bargain in this case, and even though he was placed on probation pursuant to the plea bargain when he was not eligible for it, the record clearly reveals that defendant was "armed with a firearm" when he committed the offense. That fact alone, regardless of supposed mitigating factors, and regardless of whether defendant received probation for a nonprobationable offense, is dispositive of this case. See *State v. Leers* (1992), 84 Ohio App.3d 579, 581, 617 N.E.2d 754, 755 (that defendant actually received probation does not overcome R.C. 2953.36 prohibition against sealing the record for a nonprobationable offense). See, also, *State v. Mitchell* (May 1, 1997), Cuyahoga App. No. 71155, unreported, 1997 WL 218417 (in deciding eligibility for expungement, court should not turn a blind eye to firearm use simply because it was dropped in plea bargaining).

{¶ 13} In *State v. Bistarkey* (1996), 75 Ohio St.3d 7, 661 N.E.2d 167, this court considered whether a defendant who had agreed to plead guilty to felonious assault in exchange for dismissal of a firearm specification was eligible for shock probation. Pursuant to statute, an offender's eligibility for shock probation is dependent on the offender's eligibility for probation. This court found that, since there was "no dispute" that the defendant committed his crime with a firearm, he

was not eligible for probation, and correspondingly was not eligible for shock probation. *Id*. at 9, 661 N.E.2d at 168.

{¶ **14**} In *State v. Koss* (1990), 49 Ohio St.3d 213, 219-220, 551 N.E.2d 970, 976, this court determined that a trial court should look at all available evidence when considering whether an offense was committed while the offender possessed a firearm for purposes of former R.C. 2951.02(F)(3), even if the jury acquitted the offender of the firearm specification. The court in *Koss* cited with approval *State v. Fisher* (1985), 26 Ohio App.3d 197, 198, 26 OBR 418, 419, 499 N.E.2d 344, 346, which found that an offender was not eligible for probation where the presentence investigation revealed that the offense was committed with a firearm. There is no indication in *Fisher* that the record contained any evidence of a firearm beyond the offender's admission, nor is there any indication that the offender had been charged with a firearm specification. The fact that the presentence investigation revealed that a firearm was used was sufficient to make the offender ineligible for probation.

{¶ **15**} In *Koss*, as in *Bistarkey*, this court established that the question whether a crime is nonprobationable because it was committed with a firearm must be answered by considering the entire record of the case. If the record reveals that the offender was armed with a firearm during the offense, the offender is not eligible for probation. In turn, as relevant to this case, if the offender was not eligible for probation, then the offender is not eligible to have the record of the conviction sealed.

{¶ **16**} Consequently, we hold that, when considering whether an applicant is ineligible to have a conviction record sealed under R.C. 2953.36 because the applicant may have been "armed with a firearm or dangerous ordnance" (R.C. 2951.02) at the time of the offense, a trial judge must examine the entire record to determine whether the applicant was so armed. In some cases, it may not be

apparent from the record whether the defendant was armed, and further inquiries outside the record may be necessary.  The case *sub judice* is not such a case.

{¶ 17} Since the record in this case clearly reveals that defendant committed his crime with a firearm, defendant is not eligible to have his record of conviction sealed.  Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––