THE STATE OF OHIO, APPELLEE, *v.* SIMON, APPELLANT.

[Cite as *State v. Simon* (2000), 87 Ohio St.3d 531.]

(No. 99–269—Submitted October 19, 1999—Decided January 19, 2000.)

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey,* Assistant Prosecuting Attorney, for appellee.

*John J. Ricotta* and *Charles W. Kinkopf,* for appellant.

ALICE ROBIE RESNICK, J. The issue presented is whether the indisputable fact that defendant was armed during the commission of the offense he was convicted of makes defendant ineligible, as a matter of law, to have his record sealed. Defendant asserts that because he pled guilty to an amended charge that did not include a firearm specification and did not mention a firearm, he should not be precluded as a matter of law from eligibility to have his record sealed. For the following reasons, defendant's argument is unavailing. We agree with the court of appeals that defendant is ineligible to have his record sealed, and so affirm the judgment of that court.

"[E]xpungement is an act of grace created by the state," and so is a privilege, not a right. *State v. Hamilton* (1996), 75 Ohio St.3d 636, 639, 665 N.E.2d 669, 672. Expungement should be granted only when all requirements for eligibility are met. *Id.* at 640, 665 N.E.2d at 672. An expungement proceeding is not an adversarial one; the primary purpose of an expungement hearing is to gather information. *Id.* Because expungement proceedings are not adversarial, the Rules of Evidence do not apply. See Evid.R. 101(C)(7).

Specific statutory provisions govern the sealing of a record of conviction. See R.C. 2953.31 through 2953.36. In particular, R.C. 2953.36 provides that the conviction records of some offenders cannot be sealed. As relevant to this case, R.C. 2953.36 provides, *inter alia,* that "[s]ections 2953.31 to 2953.35 of the Revised Code do not apply to convictions when the offender is subject to a mandatory prison term * * *."

An offender is subject to a mandatory prison term when that offender is not eligible for probation. Thus, if an offender is ineligible for probation, that offender cannot have his record of conviction sealed. In this way, R.C. 2953.36 requires us to refer to statutory provisions on probation to determine eligibility for expungement.

The probation restrictions found in former R.C. 2951.02(F) apply to this case. See R.C. 2951.011. Former R.C. 2951.02 provided:

"(F) An offender shall not be placed on probation, and shall not otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

" * * *

"(3) The offense involved was not a violation of section 2923.12 [carrying a concealed weapon] of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance." 143 Ohio Laws, Part I, 1470.

Applying the above clear provisions, it is evident that, under the plain language of R.C. 2953.36, a defendant who is ineligible for probation pursuant to R.C. 2951.02 is ineligible to have his or her record sealed.

Defendant argues that since he was, in fact, placed on probation, he must of necessity be eligible to have his record sealed. However, defendant's argument attempts to shift the focus away from where it belongs. Even though he may have avoided the firearm specifications by the plea bargain in this case, and even though he was placed on probation pursuant to the plea bargain when he was not eligible for it, the record clearly reveals that defendant was "armed with a firearm" when he committed the offense. That fact alone, regardless of supposed mitigating factors, and regardless of whether defendant received probation for a nonprobationable offense, is dispositive of this case. See *State v. Leers* (1992), 84 Ohio App.3d 579, 581, 617 N.E.2d 754, 755 (that defendant actually received probation does not overcome R.C. 2953.36 prohibition against sealing the record for a nonprobationable offense). See, also, *State v. Mitchell* (May 1, 1997), Cuyahoga App. No. 71155, unreported, 1997 WL 218417 (in deciding eligibility for expungement, court should not turn a blind eye to firearm use simply because it was dropped in plea bargaining).

In *State v. Bistarkey* (1996), 75 Ohio St.3d 7, 661 N.E.2d 167, this court considered whether a defendant who had agreed to plead guilty to felonious assault in exchange for dismissal of a firearm specification was eligible for shock probation. Pursuant to statute, an offender's eligibility for shock probation is dependent on the offender's eligibility for probation. This court found that, since there was "no dispute" that the defendant committed his crime with a firearm, he was not eligible for probation, and correspondingly was not eligible for shock probation. *Id.* at 9, 661 N.E.2d at 168.

In *State v. Koss* (1990), 49 Ohio St.3d 213, 219–220, 551 N.E.2d 970, 976, this court determined that a trial court should look at all available evidence when considering whether an offense was committed while the offender possessed a firearm for purposes of former R.C. 2951.02(F)(3), even if the jury acquitted the offender of the firearm specification. The court in *Koss* cited with approval *State v. Fisher* (1985), 26 Ohio App.3d 197, 198, 26 OBR 418, 419, 499 N.E.2d 344, 346, which found that an offender was not eligible for probation where the presentence investigation revealed that the offense was committed with a firearm. There is no indication in *Fisher* that the record contained any evidence of a firearm beyond the offender's admission, nor is there any indication that the offender had been charged with a firearm specification. The fact that the presentence investigation revealed that a firearm was used was sufficient to make the offender ineligible for probation.

In *Koss,* as in *Bistarkey,* this court established that the question whether a crime is nonprobationable because it was committed with a firearm must be answered by considering the entire record of the case. If the record reveals that the offender was armed with a firearm during the offense, the offender is not

eligible for probation. In turn, as relevant to this case, if the offender was not eligible for probation, then the offender is not eligible to have the record of the conviction sealed.

Consequently, we hold that, when considering whether an applicant is ineligible to have a conviction record sealed under R.C. 2953.36 because the applicant may have been "armed with a firearm or dangerous ordnance" (R.C. 2951.02) at the time of the offense, a trial judge must examine the entire record to determine whether the applicant was so armed. In some cases, it may not be apparent from the record whether the defendant was armed, and further inquiries outside the record may be necessary. The case *sub judice* is not such a case.

Since the record in this case clearly reveals that defendant committed his crime with a firearm, defendant is not eligible to have his record of conviction sealed. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.