JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant State of Ohio appeals from an order of the trial court expunging the criminal record of defendant-appellee Candido Garcia, Jr. pursuant to R.C. 2953.32. The State contends the trial court erred in ordering expungement without holding a hearing and that defendant was not eligible for expungement because he was armed with a dangerous firearm at the time of the offense and was not eligible for probation. We find merit to the appeal and vacate the order of expungement.
We will address the State's second assignment of error first since we find it dispositive of the appeal.
 II. A TRIAL COURT ERRS IN GRANTING A MOTION FOR EXPUNGEMENT WHEN IT IS WITHOUT JURISDICTION TO GRANT EXPUNGEMENT TO AN APPLICANT WHO WAS INDICTED FOR A NON-PROBATIONABLE OFFENSE WHICH INVOLVED THE USE OF A FIREARM.
The State contends that the trial court erred in granting the defendant's motion for expungement as the defendant used a firearm in committing the underlying crime even though the firearm specification was deleted pursuant to a plea bargain.
The Ohio Supreme Court in State v. Simon (2000), 87 Ohio St.3d 531,532, paragraph two of the syllabus, held:
 When considering whether an applicant is ineligible to have a conviction record sealed under R.C. 2953.36 because the applicant may have been "armed with a firearm or dangerous ordnance" (R.C. 2951.02) at the time of the offense, a trial judge must examine the entire record to determine whether the applicant was so armed.
The Court went on to hold that the fact that a defendant avoids a firearm specification by entering into a plea bargain does not change the fact that the defendant committed the offense with a firearm and is therefore not subject to having his record expunged. Id. at 534. The defendant in the case herein committed the underlying offense with a firearm. Although the firearm specification was subsequently deleted pursuant to a plea bargain, pursuant to Simon this does not change the fact that the defendant committed the offense with a firearm and is therefore not eligible to have his record expunged.
The State's Assignment of Error II has merit and the trial court's expungement order is vacated.
 I. A TRIAL COURT ERRS IN RULING ON A MOTION FOR EXPUNGEMENT FILED PURSUANT TO R.C. 2953.32
WITHOUT FIRST HOLDING A HEARING.
Given our disposition of Assignment of Error II this assignment of error is moot and need not be addressed. App.R.12 (A)(1)(c).
Judgment vacated.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, P.J., and SPELLACY J., CONCUR.
 ____________________________________ JAMES M. PORTER, JUDGE.