JOURNAL ENTRY AND OPINION
The State of Ohio appeals from the judgment of the trial court which granted defendant's application to seal his record of conviction.
On February 23, 1994, defendant-appellee, William Rebello, was indicted in a one count indictment which included one count of aggravated robbery with a firearm specification, in violation of R.C. 2911.01. On May 4, 1994, defendant-appellee pled guilty to an amended indictment which included one count of aggravated robbery without a firearm specification. Appellee was sentenced to Lorain Correctional Institution for a term of six to twenty-five years and ordered to pay costs. Execution of the sentence was suspended, and defendant was placed on probation for three years with the following conditions: pay five-hundred (500) dollars to Victims of Crime; perform two-hundred (200) hours of community work service; house arrest for ninety (90) days in conjunction with schooling at Cleveland State University; pay restitution and court costs. Appellee had completed all terms of his probation and his probation was terminated on July 24, 1996.
On August 4, 1999, appellee filed a motion for expungement. On August 9, 1999, appellee was referred to the probation department for an expungement investigation report. The record is silent on whether a hearing date was scheduled. On October 4, 1999, the trial court granted appellee's motion for expungement.
On appeal, the State raises two assignments of error:
 I. A TRIAL COURT ERRS IN RULING ON A MOTION FOR EXPUNGEMENT FILED PURSUANT TO R.C. 2953.32 WITHOUT FIRST HOLDING A HEARING.
 II. A TRIAL COURT ERRS IN GRANTING A MOTION FOR EXPUNGEMENT WHEN IT IS WITHOUT JURISDICTION TO GRANT EXPUNGEMENT TO AN APPLICANT WHO WAS INDICTED FOR A NON-PROBATIONABLE OFFENSE WHICH INVOLVED THE USE OF A FIREARM.
The appellee has not filed a brief in response.
The first issue before this court is whether the trial court erred in not scheduling a hearing. In resolving this matter, we look to R.C. 2953.32 (B) which states:
 (B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. * * *
In the case sub judice, the record does not reflect that the trial court set the mandatory hearing date. As such, the appellant's first assignment of error is well taken.
In its second assignment of error, the state challenges whether the trial court has jurisdiction to grant an expungement to an applicant who was indicted for a non-probationable offense which involved the use of a firearm. Whether the trial judge in the instant matter is without jurisdiction to grant expungement shall be determined on remand.
The Ohio Supreme Court recently held:
 * * * when considering whether an applicant is ineligible to have a conviction record sealed under R.C. 2953.36
because the applicant may have been "armed with a firearm or dangerous ordnance" (R.C. 2951.02) at the time of the offense, a trial judge must examine the entire record to determine whether the applicant was so armed. In some cases, it may not be apparent from the record whether the defendant was armed, and further inquiries outside the record may be necessary. * * *.
State v. Simon, (2000) 87 Ohio St.3d 531, 535. (Emphasis added.) If the trial court determines that the appellee was armed at the time of the offense, then the trial court is without jurisdiction to grant expungement. State v. Simon (2000), 87 Ohio St.3d 531.
This cause is reversed and remanded for a hearing consistent with this court's ruling.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
DIANE KARPINSKI. P.J., and TIMOTHY E. McMONAGLE, J., CONCUR.
________________________ JAMES D. SWEENEY, JUDGE