JOURNAL ENTRY and OPINION.
{¶ 1} In this appeal brought on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, plaintiff-appellant the State of Ohio challenges the trial court order that granted defendant-appellee Danny Salim's application for expungement of his conviction for felonious assault. The purpose of an accelerated appeal is to permit the appellate court to render a brief and conclusory decision. Crawford v. EastlandShopping Mall Assn. (1983), 11 Ohio App.3d 158.
 {¶ 2} Appellant asserts in its first assignment of error the trial court failed to comply with the requirements of R.C. 2953.32(B) prior to issuing its order. Appellant further asserts the trial court lacked jurisdiction to issue its order since appellee was convicted of an offense that is precluded from expungement pursuant to R.C. 2953.36(C) and (E). Both of appellant's assertions have merit. Therefore, the trial court's order is reversed and vacated; this case is remanded with instructions.
 {¶ 3} The record on appeal demonstrates appellee originally was indicted for felonious assault with two firearm specifications; he ultimately entered a guilty plea to an amended indictment with the deletion of the firearm specifications. After serving his sentence of probation for the offense, appellee filed a pro se application for expungement.
 {¶ 4} Appellant filed its objection, citing appellee's conviction of both an offense of violence and a second degree felony. The trial court additionally referred appellee to the probation department for an expungement investigation report, which confirmed appellant's objection. Nevertheless, the trial court simply granted appellee's application without having set a date for hearing as required by R.C. 2953.32(B).
 {¶ 5} This court, numerous times previously, has found the trial court's failure to set a specific date for hearing on an application for expungement constitutes reversible error. See, e.g., State v. Dean,
Cuyahoga App. No. 80396, 2002-Ohio-4088; State v. Houston, Cuyahoga App. No. 80015, 2002-Ohio-329; State v. Vegh (Nov. 30, 2000), Cuyahoga App. No. 77916.
 {¶ 6} Moreover, when the record demonstrates the trial court lacked jurisdiction to consider the application, its order must be vacated. State v. Meyer (Nov. 29, 2001), Cuyahoga App. No. 79513; Statev. Garcia (June 28, 2001), Cuyahoga App. No. 79067.
 {¶ 7} R.C. 2953.36(C) and (E) specify expungement may not be granted to those persons convicted of an offense of violence that is a second degree felony; thus, appellee was ineligible. State v. Simon,87 Ohio St.3d 531, 2000-Ohio-474; Meyer, supra.
 {¶ 8} Appellant's assignments of error, therefore, both are sustained.
 {¶ 9} The trial court's order is reversed and vacated.
This case is remanded to the trial court with instructions to vacate the order of expungement and any additional order sealing appellee's record of conviction. The trial court further is directed to notify all appropriate state agencies of this court's decision. This cause is reversed, vacated, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
JAMES J. SWEENEY, J. and TIMOTHY E. McMONAGLE, J. CONCUR