[Cite as *State v. J.K.*, 2011-Ohio-5675.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96574

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## J.K.

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-457047A

**BEFORE:** Boyle, P.J., Jones, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** November 3, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor
BY:    Diane Smilanick
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

George W. MacDonald
848 Rockefeller Building
614 Superior Avenue, N.W.
Cleveland, Ohio   44113


MARY J. BOYLE, P.J.:

{¶ 1}   Plaintiff-appellant, state of Ohio, appeals the trial court's judgment sealing the criminal record of defendant-appellee, J.K.[1]   We affirm.

{¶ 2}   In 2005, J.K. pleaded guilty to attempted arson, a fifth-degree felony, and insurance fraud, a fourth-degree felony.   The trial court sentenced him to community

---

[1]It is this court's policy to refer to defendants who have had their criminal records sealed pursuant to R.C. 2953.32 by their initials.

control sanctions "with the only condition being one day in county jail with full credit for time served."

{¶ 3}   In January 2011, J.K. filed an application to seal the records of his 2005 criminal convictions, which the state opposed.   The trial court subsequently granted the application and ordered that J.K.'s criminal record be sealed.   The state now appeals this judgment, raising two assignments of error for our review:

{¶ 4}   "[1.] A trial court errs in ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing.   ***

{¶ 5}   "[2.] A trial court errs in granting a motion to seal the record of conviction when it is without jurisdiction to grant said motion to an applicant who was convicted of a crime of violence, not allowed by R.C. 2953.36."

### Failure to Hold a Hearing

{¶ 6}   In its first assignment of error, the state argues that the trial court erred by not holding an oral hearing on J.K.'s application to seal his criminal record.   Although the trial court indicates that "this matter came on to be heard upon the application for expungement of the applicant's conviction under R.C. 2953.32," J.K. admits that the trial court did not hold an oral hearing on the matter.

{¶ 7}   R.C. 2953.32(B)(1) states, in pertinent part:

{¶ 8}   "Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application.   The prosecutor may object to the granting of the application by filing an

objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. ***"

**{¶ 9}** R.C. 2953.32(C)(1) then states: "The court shall do each of the following:

**{¶ 10}** "(a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. If the applicant applies as a first offender pursuant to division (A)(1) of this section and has two or three convictions that result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, in making its determination under this division, the court initially shall determine whether it is not in the public interest for the two or three convictions to be counted as one conviction. If the court determines that it is not in the public interest for the two or three convictions to be counted as one conviction, the court shall determine that the applicant is not a first offender; if the court does not make that determination, the court shall determine that the offender is a first offender.

**{¶ 11}** "(b) Determine whether criminal proceedings are pending against the applicant;

**{¶ 12}** "(c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

**{¶ 13}** "(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

**{¶ 14}** "(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records."

**{¶ 15}** This court has repeatedly held that an oral hearing on an expungement motion is mandatory, and failure to hold one is cause for reversal and remand. See *State v. Hann*, 173 Ohio App.3d 716, 2007-Ohio-6201, 880 N.E.2d 148; *State v. Osborne*, 8th Dist. No. 82577, 2003-Ohio-6162; *State v. Saltzer* (1984), 14 Ohio App.3d 394, 471 N.E.2d 872 (appellant and appellee argued evidentiary issues on appeal regarding the expungement but this court held they "must be determined by the trial court after a hearing"). The rationale that courts must first hold a hearing is "obviously predicated upon the fact that, under normal circumstances, a trial court would be required to hear evidence prior to rendering its decision in order to make several determinations pursuant to [R.C. 2953.32(C)(1)(a) through (e)]." *State v. Haney* (Nov. 23, 1999), 10th Dist. No. 99AP-159.

**{¶ 16}** Here, however, in its opposition brief, the state only raised an issue of law. Specifically, although the state "request[ed] an evidentiary hearing be conducted for purposes of appellate review," it only argued that because J.K. was convicted of arson, he was not eligible for expungement because arson is an offense of violence under R.C. 2953.36. This is clearly a question of law. Thus, in this case, an evidentiary hearing was not necessary to address it. See *State v. Webb*, 2d Dist. No. 23892, 2010-Ohio-5743 (When the sole issue was whether the applicant was statutorily ineligible to have his conviction for arson expunged, the Second Appellate District held that it was a "pure question of law" and "no hearing [was] necessary to resolve that question."). Further, this court can, and will address this question of law de novo (since the state raises this exact issue in its second assignment of error) to determine if the trial court erred by granting J.K.'s expungement request.

**{¶ 17}** The state's first assignment of error is overruled.

<u>Expungement Eligibility</u>

**{¶ 18}** The purpose of expungement, or sealing a record of conviction, is to recognize that persons who have only a single criminal infraction may be rehabilitated. *State v. Petrou* (1984), 13 Ohio App.3d 456, 456, 469 N.E.2d 974. In enacting the expungement provisions, the legislature recognized that "people make mistakes, but that afterwards they regret their conduct and are older, wiser, and sadder. The enactment and amendment of R.C. 2953.31 and 2953.32 is, in a way, a manifestation of the traditional Western civilization concepts of sin, punishment, atonement, and forgiveness. Although

rehabilitation is not favored in current penal thought, the unarguable fact is that some people do rehabilitate themselves." *State v. Hilbert* (2001), 145 Ohio App.3d 824, 827, 764 N.E.2d 1064.

{¶ 19} The Ohio Supreme Court has made clear that "'[e]xpungement is an act of grace created by the state,' and so is a privilege, not a right." *State v. Simon,* 87 Ohio St.3d 531, 2000-Ohio-474, 721 N.E.2d 1041, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 1996-Ohio-440, 665 N.E.2d 669. But the high court has also explained that the expungement provisions are remedial in nature and "must be liberally construed to promote their purposes." *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622, 1999-Ohio-213, 716 N.E.2d 204.

{¶ 20} As we explained supra, R.C. 2953.32(C)(1)(a) through (e) sets forth the factors a trial court shall consider in determining whether to grant an application for the sealing of a conviction record. If none of these factors are determined adverse to the applicant, the court "shall order all official records pertaining to the case sealed" pursuant to R.C. 2953.32(C)(2).

{¶ 21} R.C. 2953.36 provides, however, that certain offenses cannot be expunged. As relevant to the present case, R.C. 2953.36(C) precludes a felony conviction that is "an offense of violence" from expungement.

{¶ 22} The trial court indicated in its journal entry that it determined that J.K. was a first offender and was otherwise eligible for expungement after considering the necessary factors, the state's objections, and a report from the probation department.

With respect to J.K.'s eligibility, the state only argues here, as it did to the trial court, that attempted arson is an offense of violence such that it is barred from expungement under R.C. 2953.36. Thus, the crux of this appeal is whether attempted arson is an offense of violence.

{¶ 23} The applicability of R.C. 2953.36 categories to the applicant's convictions is a question of law that this court reviews de novo. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶6.

{¶ 24} J.K. was indicted with arson under R.C. 2909.03(A)(2), a fourth-degree felony, which provides: "No person, by means of fire or explosion, shall knowingly ***[c]ause, or create a substantial risk of, physical harm to any property of the offender or another, with purpose to defraud[.]" Arson is defined as an offense of violence. R.C. 2901.01(A)(9)(a).

{¶ 25} But J.K. pleaded guilty to attempted arson, which is a fifth-degree felony. R.C. 2923.02(A) states that "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(E)(1) provides that "[w]hoever violates this section is guilty of an attempt to commit an offense."

{¶ 26} There is no question that arson is defined as an offense of violence. R.C. 2901.01(A)(9)(a). But the question we are presented with is whether attempted arson is an offense of violence.

{¶ 27} With regard to the eligibility requirements contained in R.C. 2953.36, the Ohio Supreme Court has found that whether an applicant is eligible for expungement is determined not only by examining the plea ultimately entered, but also by reviewing the events that resulted in the original charges. *Simon*, 87 Ohio St.3d at 533. In *Simon*, the applicant was originally charged with a firearm specification. Thus, the offense as charged was nonprobationable, and nonprobationable offenses are specifically excluded from the operation of the expungement statute. R.C. 2953.36. But pursuant to a plea agreement, the defendant pleaded guilty to an amended charge that did not include the firearm specification. The Ohio Supreme Court found that the applicant was ineligible to have his record sealed because the record clearly revealed that the applicant was armed with a firearm when he committed the offense.

{¶ 28} The Supreme Court indicated that "[w]hen considering whether an applicant is ineligible to have a conviction sealed under R.C. 2953.36 *** a trial judge must examine the entire record ***." Id. at 532. The trial court "should not turn a blind eye" to the existence of a disqualifying factor "simply because it was dropped in plea bargaining." Id. at 534. The court even found that further inquiry outside the record may be necessary when the facts are not readily apparent from the record itself. Id. at 535. Other courts have relied upon *Simon* for the same proposition. See, e.g., *State v. Milavec* (July 5, 2001), 8th Dist. No. 79235 (the record clearly revealed that a firearm was used in the commission of the offense, making the applicant ineligible to have her record of conviction sealed pursuant to R.C. 2953.36); *Cleveland v. Hang*

(2000), 110 Ohio Misc.2d 47, 743 N.E.2d 1004 (in determining the applicant's eligibility for expungement pursuant to R.C. 2953.36, the court may review the events that resulted in the initiation of the original charges and is not limited by the plea entered).

{¶ 29} This court has reviewed the "entire record" on appeal. According to J.K.'s application, this offense occurred just after J.K. was discharged from the military "honorably but for medical reasons after having been assigned to a burial unit in the Army, dealing with military burials from the Iraq and Afghanistan wars." J.K. "arranged for a fellow soldier to take and destroy his car so that insurance would pay off the balance, now that he no longer had income. The act was attempted, but was quickly detected by law enforcement, and both young men, neither of whom had criminal records, both with exemplary records in an elite military unit, were subsequently arrested and pled guilty."

{¶ 30} Applying the Supreme Court's holding in *Simon* to the present case, we find that the facts here, unlike the facts in *Simon*, do not "clearly reveal" that the defendant herein, plea bargain notwithstanding, committed a disqualifying "offense of violence." *Simon*, 87 Ohio St.3d at 534.

{¶ 31} The record further reveals that J.K. owns and operates his own business and earns $30,000 per year. In the six years since his conviction, J.K. has had no other criminal convictions. Thus, since J.K. is eligible in all other respects for the relief sought, this court concludes the trial court did not err in granting the expungement.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, PRESIDING JUDGE

KENNETH A.    ROCCO, J., CONCURS;
LARRY A. JONES, DISSENTS WITH SEPARATE OPINION

LARRY A. JONES, J., DISSENTING:

{¶ 32} Respectfully, I dissent.

{¶ 33} The majority deviates from this court's repeated holding that an oral hearing on an expungement motion is mandatory.   As ground for the deviation, the majority states that the state's opposition to J.K.'s expungement motion only raised a question of law; that is, whether attempted arson is an expungeable offense.   The majority cites *State v. Webb*, Montgomery App. No. 23892, 2010-Ohio-5743, in support of its holding.

{¶ 34} In *Webb*, the defendant pleaded guilty to arson and was sentenced to community control sanctions.   After successfully completing his community control

sanctions, the defendant filed a motion to seal the record of his conviction. The trial court denied his motion without a hearing.

{¶ 35} The Second Appellate District affirmed the trial court's judgment, finding that because arson is a crime of violence, the defendant was statutorily ineligible for expungement. The court held the issue was "purely an issue of law, and no hearing [was] necessary to resolve that question." Id. at ¶6.

{¶ 36} Here, J.K. was charged with arson and insurance fraud. But he pleaded guilty to attempted arson and insurance fraud. The majority acknowledges that under *State v. Simon*, 87 Ohio St.3d 531, 2000-Ohio-474, 721 N.E.2d 1041, a trial court reviews the entire record, including not only the plea, but also the events that led to the original charges. The majority then reviews the entire record and finds that J.K. did not commit a disqualifying crime of violence and upholds the trial court's judgment.

{¶ 37} I believe that review should have occurred in the first instance by the trial court at an oral hearing. I would therefore rule in line with this court's precedent of requiring a hearing on a motion for expungement and would reverse and remand upon the state's first assignment of error.