[Cite as *State v. Donaldson*, 2015-Ohio-5064.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-G-0022** |
| PATRICIA A. DONALDSON, n.k.a. PATRICIA A. BOHN, | : | |
| Defendant-Appellee. | : | |


Criminal Appeal from the Chardon Municipal Court, Case No. 2012 CRB 969.

Judgment: Affirmed.


*Dennis M. Coyne*, City of Chardon Prosecutor, 111 Water Street, Chardon, OH 44024 (For Plaintiff-Appellant).

*Patricia A. Donaldson, n.k.a. Patricia A. Bohn*, pro se, 14707 Rapids Road, Burton, OH 44021 (Defendant-Appellee).


THOMAS R. WRIGHT, J.

{¶1} Appellant, the State of Ohio, seeks reversal of the trial court's decision to seal appellee, Patricia A. Bohn's criminal record on jurisdiction grounds. For the following reasons, we affirm.

{¶2} In October 2012, three criminal complaints were brought against appellee: contributing to a minor's delinquency, interference with the custody of a child, and falsification of official documents, all first degree misdemeanors.

**{¶3}** The charges were based upon allegations that appellee was harboring a runaway teenager and made false statements while attempting to enroll the child in a Geauga County high school.

**{¶4}** Approximately one year after filing the complaints, the state amended the "interference" charge to disorderly conduct, a fourth-degree misdemeanor, and the remaining complaints were dismissed. Appellee pleaded guilty to the amended charge, was found guilty and ordered her to pay court costs. No additional sentence or fine was imposed.

**{¶5}** Thirteen months later, appellee moved the trial court to seal the conviction. The state argued appellee was ineligible because the victim was a child.

**{¶6}** The trial court ultimately found appellee to be eligible regardless of whether the victim was a minor because the conviction was for a fourth-degree misdemeanor, as opposed to a first-degree misdemeanor.

**{¶7}** In appealing this determination, the state asserts one assignment of error for review:

**{¶8}** "The trial court erred as a matter of law in granting the application to seal the record."

**{¶9}** In challenging the trial court's "eligibility" analysis, the state contends that the court erred in focusing solely upon the point that disorderly conduct, the offense to which appellee pled guilty, is only a fourth-degree misdemeanor. The state argues that, in deciding whether the exception to eligibility under R.C. 2953.36(F) applies, the court should have also considered all underlying facts including that appellee was originally charged with three first-degree misdemeanors.

{¶10} "Our beginning principle is that expungement is a state-created act of grace and 'is a privilege, not a right.' *State v. Simon*, 87 Ohio St.3d 531, 533, 2000-Ohio-474, 721 N.E.2d 1041 (2000). A trial court may only grant expungement when an applicant meets all of the statutory requirements. *State v. Hamilton*, 75 Ohio St.3d 636, 640, 1996-Ohio-440, 665 N.E.2d 669 (1996)." *State v. Williamson*, 10th Dist. Franklin No. 12AP-340, 2012-Ohio-5384, ¶10.

{¶11} As a general proposition, an appellate court will only reverse a decision on a motion to expunge when the trial court abused its discretion. *State v. Talameh*, 11th Dist. Portage No. 2011-P-0074, 2012-Ohio-4205, ¶20. However, when it is necessary for the appellate court to interpret and apply statutory provisions, its standard of review is de novo. *Id.*

{¶12} R.C. 2953.32(A)(1) provides that an eligible offender can apply to the trial court to seal the record of a conviction "at the expiration of one year after the offender's final discharge if convicted of a misdemeanor." Subsection (B) of the statute sets forth the procedure the trial court must follow prior to issuing a final ruling on the application-motion. In turn, subsection (C)(1) lists certain findings the court must make as part of its ruling. These include whether the defendant is an eligible offender, whether there are any pending criminal actions against her, whether the defendant has been rehabilitated to the court's satisfaction, and whether the defendant's interests in having the conviction sealed outweighs any legitimate governmental interest in maintaining the record.

{¶13} R.C. 2953.36 delineates a list of convictions that cannot be considered for expungement under the statutory scheme. At issue in our case, R.C. 2953.36(F), exempts, "Convictions of an offense in circumstances in which the victim of the offense

3

was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony, except for convictions under section 2919.21 of the Revised Code * * *."

{¶14} In concluding that this exemption did not apply to appellee, the trial court did not address the question of whether the victim of the underlying crime was under the age of eighteen. Instead, the trial court held that appellee was eligible for expungement because she had been convicted of a fourth-degree misdemeanor rather than a first-degree misdemeanor. The court relied upon our prior opinion in *Talameh*, 2012-Ohio-4205.

{¶15} In *Talameh*, the defendant was convicted of purchasing beer for a person under the age of eighteen, in violation of R.C. 4301.69(A). In interpreting the statutes governing that offense and its penalties, this court initially noted that a violation of R.C. 4301.69(A) was designated as a "misdemeanor" with no degree. *Id.* at ¶39. The *Talameh* court also noted that the penalties for a violation of R.C. 4301.69(A) were not analogous to the penalties for first-degree misdemeanors. *Id.* at ¶40. Therefore, construing the expungement statutes liberally, we concluded that the *Talameh* defendant was not exempt from expungement relief under R.C. 2953.36(F) because he was not convicted of a first-degree misdemeanor. *Id.* at ¶41. In light of this conclusion, our opinion never addressed the issue of whether the "victim" of the crime had been under eighteen.

{¶16} The state urges that, for purposes of the analysis in the present case, the *Talameh* precedent should not be followed. Instead, the state argues that the Supreme Court precedent in *State v. Simon*, 87 Ohio St.3d 531, 721 N.E.2d 1041 (2000), must be applied in deciding the degree of the underlying offense. In *Simon*, the state contended

4

that the defendant was exempt from expungement under R.C. 2953.36(A), which covers convictions that subject the offender to a mandatory prison term. The *Simon* defendant was originally charged with two offenses that contained firearm specifications. Pursuant to a plea bargain, he was convicted of an amended charge with no firearm specification. As a result of the state's decision to not proceed on the specification, the defendant was no longer subject to a mandatory prison term.

{¶17} In upholding the appellate court's decision that the *Simon* defendant was ineligible for expungement, the Supreme Court concluded that, even though there was no conviction on the firearm specifications, the trial court could still consider the fact that the defendant had possession of a firearm in committing the underlying offense. *Id.* at 534. In reaching this conclusion, the *Simon* court emphasized that "when considering whether an applicant is ineligible to have a conviction record sealed under R.C. 2953.36 because the applicant may have been 'armed with a firearm or dangerous ordinance' (R.C. 2951.02) at the time of the offense, a trial court must examine the entire record to determine whether the applicant was so armed." *Id.* at 535.

{¶18} As the state correctly notes, the Tenth Appellate District has employed the "entire record" analysis in considering whether a defendant is eligible for expungement under R.C. 2953.36(F) due to the fact that the victim was under the age of eighteen. *See Williamson*, 2012-Ohio-5384, at ¶14; *State v. Jithoo*, 10th Dist. Franklin No. 05AP-436, 2006-Ohio-4978; *State v. Norfolk*, 10th Dist. Franklin No. 04AP-614, 2005-Ohio-336. However, in each of these cases, the defendant's actual conviction was for a first-degree misdemeanor or a fifth-degree felony. Therefore, the state is requesting this court to extend the "entire record" analysis in any situation in which the defendant is

charged with a first-degree misdemeanor, but is ultimately convicted of a lesser-degree misdemeanor.

{¶19} The wording of R.C. 2953.36(F) does not warrant such an extension. The provision expressly states that the underlying conviction must be for an offense which is either a felony or first-degree misdemeanor. The wording of the provision does not support such a broad interpretation, and would conflict with the general principle, cited in *Talameh*, that the expungement statute be construed liberally.

{¶20} In this case, appellee's ultimate conviction was for a misdemeanor of the fourth degree. Hence, the trial court did not err in holding that she was eligible to have her record sealed. As the state has not contested any other aspect of the trial court's decision, its sole assignment of error is without merit.

{¶21} The judgment of the Chardon Municipal Court is affirmed.


TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.

6