[Cite as *State v. D.G.*, 2016-Ohio-7609.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103861**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## D.G.

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-534930-A

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** November 3, 2016

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

Diane Smilanick
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113


**ATTORNEY FOR APPELLEE**

Michael P. Maloney
24441 Detroit Road, Suite 200
Westlake, OH 44145

**ALSO LISTED:**

D.G.
1750 Cliffview Road, 2nd Floor
Cleveland, OH 44112

MELODY J. STEWART, J.:

**{¶1}** The sole issue in this appeal by the state of Ohio is whether the court erred by finding that a conviction for attempted aggravated assault is not an offense of violence for purposes of sealing a record of a conviction of appellee D.G. We agree with the state that attempted aggravated assault is an offense of violence and reverse the order sealing the record of conviction.

**{¶2}** The record of conviction for certain offenses cannot be sealed, among them "[c]onvictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01, or 2917.31 of the Revised Code that is a misdemeanor of the first degree[.]" R.C. 2953.36(C).[1]

**{¶3}** D.G. pleaded guilty to a fifth-degree felony count of attempted aggravated assault in violation of R.C. 2903.12 and 2923.02. Aggravated assault, as defined by R.C. 2903.12, is listed as an offense of violence under R.C. 2901.01(A)(9)(a). The exceptions set forth in R.C. 2953.36(C) do not apply because attempted aggravated assault is not a violation of R.C. 2917.03 nor is it a misdemeanor violation.

---

[1]Effective September 14, 2016, R.C. 2953.36 has been amended. The version of R.C. 2953.36(C) that was in effect at the time D.G. filed her application to seal the record of her conviction has been renumbered as R.C. 2953.36(A)(3). The amendment made no substantive changes to former R.C. 2953.36(C).

**{¶4}** Although there is no question that aggravated assault is defined as an offense of violence, the issue below centered on the import of D.G. being found guilty of an "attempt" to commit aggravated assault. R.C. 2901.01(A)(9)(d) states that an "offense of violence" includes "[a] conspiracy or attempt to commit, or complicity in committing" any offense defined as an "offense of violence." In *State v. Novak*, 8th Dist. Cuyahoga No. 92586, 2009-Ohio-6220, we found that "complicity in the commission of attempted murder, was an offense of violence under R.C. 2953.36(C) and therefore not an expungeable offense." *Id.* at ¶ 14. In *State v. Rybak*, 11th Dist. Lake No. 2011-L-084, 2012-Ohio-1791, ¶ 22, the court of appeals specifically held that the offense of attempted aggravated assault is an offense of violence and ineligible for expungement.

**{¶5}** An emerging line of cases from this court, relying on a Supreme Court directive that courts should examine "the entire record" to determine whether facts exist that would disqualify a request to seal the record of a conviction, *State v. Simon*, 87 Ohio St.3d 531, 721 N.E.2d 1041 (2000), paragraph two of the syllabus, have held that the label "offense of violence" does not control over an offender's actual conduct. In *State v. J.K.*, 8th Dist. Cuyahoga No. 96574, 2011-Ohio-5675, the panel held that an offense of attempted arson, consisting of an insurance fraud scheme to destroy J.K.'s car for the insurance proceeds, did not "clearly reveal" that act to constitute an offense of violence because although "the act was attempted, [it] * * * was quickly detected by law enforcement[.]" *Id.* at ¶ 29-30.

{¶6} In *State v. V.M.D.*, 8th Dist. Cuyahoga No. 100522, 2014-Ohio-1844, the offender pleaded guilty to attempted robbery, as amended from the original charge of aggravated robbery with a firearm specification. During the plea proceedings, the assistant prosecuting attorney told the court that V.M.D. was not in possession of the weapon used during the attempted robbery and that the weapon may not have been "a real gun." *Id*. at ¶ 2. *V.M.D*. noted that R.C. 2901.01(A)(9)(d) was not a part of the expungement statute and concluded that it was not clear that barring the court from sealing the record of V.M.D.'s conviction was a result intended by the General Assembly. *Id*. at ¶ 14. Finally, the decision noted that V.M.D. pleaded guilty to attempted robbery under R.C. 2911.02(A). That statute states that no person, "in attempting or committing a theft offense" shall do so with a deadly weapon. The panel essentially concluded that V.M.D. had pleaded guilty to an attempt to commit an attempted robbery. *Id*. at ¶ 15.

{¶7} *V.M.D*. was rejected as nonbinding and criticized in *State v. Clemens*, 10th Dist. Franklin No. 14AP-945, 2015-Ohio-3153. In a retort to *V.M.D*.'s observation that the R.C. 2901.01 definition of an offense of violence was not a part of the expungement statute, *Clemens* noted that "R.C. 2901.01 provides definitions for the entire Revised Code[.]" *Id*. at ¶ 17. The *Clemens* court considered itself bound to "'follow the directive of law enacted by the general assembly.'" *Id*. at ¶ 17, quoting *Youngstown v. Garcia*, 7th Dist. Mahoning No. 05 MA 47, 2005-Ohio-7079, ¶ 22. The Tenth District therefore found that regardless of whether Clemens did not engage in violent conduct when committing the offense of attempted robbery, an analysis of what constitutes a offense of

violence "does not involve any consideration of the factual circumstances of the underlying conviction." *Id*. at ¶ 15.

**{¶8}** Expungement of a criminal conviction is an "act of grace created by the state," *Simon*, 87 Ohio St.3d at 533, 721 N.E.2d 1041, so we strictly apply the statutory requirements for sealing the record of a conviction. *State v. Meyer*, 8th Dist. Cuyahoga No. 79513, 2001 Ohio App. LEXIS 5293, at *4 (Nov. 29, 2001). Unlike *V.M.D.*, we recognize that R.C. 2901.01(A)(9)(d), defining an "offense of violence" is, like all definitions contained in R.C. 2901.01(A), to be "used in the Revised Code[.]" The words "used in the Revised Code" mean the *entire* Revised Code — not just particular revised code sections. *Compare State v. Zeune*, 5th Dist. Licking No. 10 CA 06, 2011-Ohio-93, ¶ 30 ("We note that R.C. 1303.01(A) specifically provides that the definitions that follow are '*used in this chapter*,' not as used throughout the entire Ohio Revised Code. The definition by its terms does not necessarily apply to Chapter [sic] 29.") (Emphasis added.) And even if *V.M.D.* reasonably believed that there was room for doubting whether R.C. 2901.01(A) meant what it said, the duty to strictly apply the statutory requirements means that any doubt in that respect had to be resolved in favor of finding that R.C. 2901.01(A) applies to the entire Revised Code.

**{¶9}** D.G. pleaded guilty to attempted aggravated assault. Aggravated assault is indisputably defined as an offense of violence. D.G.'s conviction for the attempt to commit aggravated assault is treated the same as if she were convicted of aggravated

assault for purposes of the expungement statute. R.C. 2953.36(C) could not be any clearer in barring the court from sealing D.G.'s record of conviction.

{¶10} D.G.'s primary argument to the court below was that the court could consider the facts of the case when deciding whether to seal the record of a conviction and that those facts show that she did not commit any crime. D.G.'s attorney told the court that she had been harassed outside of her apartment by some individuals. At the time, she was speaking to her boyfriend, who heard the harassment. Counsel said that D.G. went to bed and that:

> At about midnight that night the boyfriend comes back, apparently shot up an apartment from the outside into the inside where one of the perpetrators lived. He was indicted for felonious assault and various other things and was found guilty and imprisoned.

> She had literally no contributing activity with respect to the felonious conduct of her boyfriend. She didn't tell him to do this. She didn't know about it. She was literally in bed asleep when this was going down.

{¶11} This is not a case where the "circumstances" of an offense indicate some reason why the record of the conviction should be sealed. What D.G. is arguing was that she pleaded guilty to an offense that she did not commit. There was no evidence to support counsel's assertion that D.G. did not commit any crime; in fact, the record does not contain the transcript of D.G.'s guilty plea or any other material that could be considered "evidence." D.G.'s guilty plea to attempted aggravated assault conclusively formed the basis for her conviction of that offense. The court erred by sealing the record of D.G.'s conviction for attempted aggravated assault.

**{¶12}** The decision in this case and in *Novak* conflict with *J.K.* and *V.M.D.* This conflict would ordinarily require *en banc* consideration by the entire court. What is more, the decision in *J.K.* and *V.M.D.* are in conflict with *Clemens* and cases from other appellate districts, ordinarily requiring that we certify the conflict for resolution in the Ohio Supreme Court. However, *V.M.D.* is currently pending on appeal in the Ohio Supreme Court. *See State v. V.M.D.*, 140 Ohio St.3d 1438, 2014-Ohio-4160, 16 N.E.3d 682. The issues raised in *V.M.D.* will likely be dispositive of the questions raised in this appeal, so certification of a conflict would serve no purpose.

**{¶13}** Judgment reversed and remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR