[Cite as *State v. Young*, 2024-Ohio-367.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-45 |
| | : | |
| v. | : | Trial Court Case No. 2023-CR-0234 |
| | : | |
| RODERICK K. YOUNG | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 2, 2024

. . . . . . . . . . .

GLENDA A. SMITH, Attorney for Appellant

MEGAN A. HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Roderick K. Young appeals from his conviction for attempted aggravated assault following a guilty plea. For the reasons outlined below, we affirm the judgment of the trial court.

I.     **Factual and Procedural Background**

{¶ 2} In April 2023, Young was indicted on one count of strangulation and one count of domestic violence. On June 20, 2023, Young pled guilty to an amended charge of attempted aggravated assault in violation of R.C. 2923.02(A) and R.C. 2903.12(A)(1) and domestic violence in violation of R.C. 2919.25(A).

{¶ 3} At Young's plea hearing, the State indicated that it would not oppose community control sanctions at sentencing provided there was a mental health and substance abuse evaluation of Young. However, the State also indicated that, if Young failed to appear for the final disposition of the case, violated the terms of bond, or committed a new offense before sentencing, the State would no longer be bound by its recommendations and would be free to argue for any disposition it believed appropriate.

{¶ 4} One of the conditions of Young's bond was that he would not consume any form of illegal drugs, mood altering substances, or alcoholic beverages. As part of that condition, Young was subject to drug testing, and before his disposition hearing, Young tested positive for marijuana. On July 24, 2023, two days before Young's disposition hearing, a motion regarding a violation of bond due to Young's positive marijuana test was filed in the trial court.

{¶ 5} On July 26, 2023, at Young's disposition hearing, the trial court summarily found that Young's attempted aggravated assault offense, a felony of the fifth degree, was an offense of violence as defined in R.C. 2901.01 and that Young had violated the terms and conditions of his bond by testing positive for marijuana. Based on these circumstances, the trial court stated that it had discretion in imposing a prison sentence.

{¶ 6} The trial court sentenced Young to 12 months in prison on the attempted

aggravated assault charge and to six months in jail on the domestic violence charge, to be served concurrently, with 71 days jail time credit. Young timely appealed.

## II.    Assignment of Error

{¶ 7} Young asserts the following sole assignment of error:

THE TRIAL COURT ERRED IN NOT COMPLYING WITH THE PURPOSES OF FELONY SENTENCING.

{¶ 8} Young contends that the trial court erred when it found that Young had committed a violent offense with respect to the attempted aggravated assault charge and then sentenced Young to one year in prison. More specifically, according to Young, the trial court erred in imposing a prison term rather than community control sanctions because there was no clear and convincing evidence of violence or serious physical harm to another person.

{¶ 9} "When reviewing felony sentences, a court of appeals must apply the standard of review set forth in R.C. 2953.08(G)." *State v. Williams*, 2d Dist. Greene No. 2021-CA-30, 2022-Ohio-2897, ¶ 18, citing *State v. Farra*, 2d Dist. Montgomery No. 28950, 2022-Ohio-1421, ¶ 73. Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2d Dist. Montgomery No. 29043, 2021-Ohio-2788, ¶ 13.

{¶ 10} As we recently explained in *State v. Bartley*, 2d Dist. Champaign No. 2022-CA-28, 2023-Ohio-2325, ¶ 9, we may not independently "weigh the evidence in the record

and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42. "The inquiry is simply whether the sentence is contrary to law." *Bartley* at ¶ 9. "A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12." *Id.*, citing *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶ 11} Under R.C. 2929.13(B)(1)(a), in general:

* * * "[I]f an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree *that is not an offense of violence or that is a qualifying assault offense*, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

(Emphasis added.)

{¶ 12} However, a trial court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that

either is an offense of violence or that is not an offense of violence but is a qualifying assault offense under certain circumstances, including when *"[t]he offender violated a term of the conditions of bond as set by the court."* (Emphasis added.) R.C. 2929.13 (B)(1)(b)(ii) and (iii).

{¶ 13} When a trial court has discretion to impose a prison term, "* * * in determining whether to impose a prison term as a sanction for a felony of the fourth or fifth degree, the sentencing court shall comply with the purposes and principles of sentencing" under R.C. 2929.11 and with R.C. 2929.12. R.C. 2929.13(B)(2). "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶ 14} The three overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing, "commensurate with and not demeaning to the seriousness of the offender's conduct and

its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 15} R.C. 2929.12 addresses several factors to be considered by the trial court when imposing a sentence under R.C. 2929.11, underscoring that a court imposing a sentence upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12(A). R.C. 2929.12(B) through (F) then set out factors for the court to consider relating to matters such as the seriousness of the offender's conduct, the likelihood of the offender's recidivism, and the offender's service in the armed forces of the United States. The trial court may also "consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).

{¶ 16} In this case, Young contends that his attempted aggravated assault offense was not an offense of violence or a qualifying assault offense for prison sentencing because there was no evidence of serious physical harm to another person. In so arguing, Young contends that he should have only been sentenced to community control sanctions and, thus, the trial court erred in exercising discretion to sentence him to prison. Young also contends that the trial court erred in failing to consider the purposes of felony sentencing; thus, his sentence was not supported by the record and was contrary to law. We disagree.

{¶ 17} In sentencing Young, the trial court stated that it had discretion to impose a prison sentence for Young's attempted aggravated assault conviction and then read from the statute the possible alternative reasons for which an offender like Young could be

sentenced to prison, including pleading guilty to a fifth-degree felony offense of violence or any offense for which a mandatory prison term was required, violating a condition of his bond by testing positive for marijuana, committing a qualifying assault offense that caused serious physical harm to another person while carrying out the offense, or not committing a qualifying assault offense but still causing physical harm to another person while executing the offense.

{¶ 18} With respect to Young's first argument that the trial court did not have discretion to sentence him to prison, we note that an offense of attempted aggravated assault is an offense of violence. *State v. Rybak,* 11th Dist. Lake No. 2011-L-084, 2012-Ohio-1791, ¶ 22; *State v. D.G.*, 8th Dist. Cuyahoga No. 103861, 2016-Ohio-7609, ¶ 3; *State v. Roark*, 12th Dist. Warren No. CA2018-02-019, 2018-Ohio-3549, ¶ 16; *State v. C.D.D*, 10th Dist. Franklin No. 19AP-130, 2019-Ohio-4754, ¶ 10. As a result, we agree with the State and the trial court that the presumption of community control sanctions was inapplicable in this case because Young had been convicted of an offense of violence felony of the fifth degree. Although Young argues there was insufficient evidence in the record that he had caused serious physical harm to another person while committing the offense, we note that the trial court did not make specific factual findings regarding whether Young's actions caused serious physical harm to another, nor was the trial court required to make those findings; Young had been convicted of an offense of violence, which, by itself, afforded the trial court discretion in sentencing Young to prison. Moreover, there was undisputed evidence that Young had violated the conditions of his bond by testing positive for marijuana, which also afforded the trial court with discretion in

sentencing Young to prison. Therefore, we agree that the trial court had discretion in imposing a prison sentence for Young's attempted aggravated assault conviction.

{¶ 19} Next, in determining whether to impose a prison term as a sanction for Young's offense of violence felony conviction, the trial court was required to comply with the purposes and principles of sentencing under R.C. 2929.11 and R.C. 2929.12. We conclude that it did.

{¶ 20} At Young's disposition hearing, the trial court questioned Young about his version of the events relevant to his convictions and allowed the victim to provide a victim impact statement. The trial court expressed its concern that, even in his apology letter to the victim, Young did not take responsibility for his actions against her. The trial court explained that it had considered the record, oral statements, the presentence investigation report, and the victim impact statement, and that it had also considered the purposes of felony sentencing, had balanced the seriousness and recidivism factors, and had contemplated the need for deterrence, incapacitation, rehabilitation, and restitution. The trial court stated that it was guided by the overriding purposes of felony sentencing, including protection of the public from future crime by Young, punishment of Young, and promotion of effective rehabilitation of Young using the minimum sanction that the court determined accomplished those purposes without imposing an unnecessary burden on state or local government resources. The court then concluded that, after considering the factors set forth in R.C. 2929.12, a prison term in this case was consistent with the purposes of sentencing as set forth in R.C. 2929.11 and that Young was not amenable to any available community control sanction. The court reasoned that community control

sanctions would demean the seriousness of Young's conduct and its impact on his victim and, thus, a prison sentence was not only commensurate with the seriousness of his conduct and the consequential victim impact but also would not pose an unnecessary burden on government resources.

{¶ 21} Our inquiry is limited to whether Young's sentence was contrary to law. In making that determination, we are limited to considering only whether Young's sentence fell outside the statutory range for the offense or if the sentencing court did not consider R.C. 2929.11 and 2929.12. There is no dispute that Young's sentence was within the statutory range for fifth-degree felonies. Additionally, while the trial court did not discuss every factor set forth in R.C. 2929.11 and R.C. 2929.12 when sentencing Young, the court considered the purposes of felony sentencing, balanced the seriousness and recidivism factors, contemplated the need for deterrence, incapacitation, rehabilitation, and restitution, and was guided by the overriding purposes of felony sentencing. R.C. 2929.11 and R.C. 2929.12 do not require a trial court to make any specific factual findings on the record, and thus the trial court was not obligated to specifically provide every factor that it considered in sentencing Young. Under these circumstances, we conclude that the trial court complied with the purposes and principles of sentencing under R.C. 2929.11 and R.C. 2929.12, and therefore we cannot say Young's sentence was not supported by the record and was contrary to law.

{¶ 22} Young's sole assignment of error is overruled.

### III.    Conclusion

{¶ 23} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.